# Louisville & Nashville Railroad Co. *v.* Grant.

*Damages.*

(Decided Dec. 17, 1907. 45 South. 226.)

1. *Statutes; Title; Subject Expressed in Title.*—The title of the Act of March 6, 1907 (General Acts 1907, p. 367) which is "An Act to amend sections 897 and 911 of the Code of 1896," is not broad enough to include a provision in the act fixing the time for holding court in the 15th judicial circuit and is void under section 45, Constitution 19017.

[Louisville & Nashville Railroad Co. v. Grant.]

2. *Courts; Terms; Statutes.*—The time for holding courts in the 15th judicial circuit is governed by the act of March 2, 1907, (General Acts 1907, p. 255), since the subsequent act of March 6, 1907, (General Acts, 1907, p. 367) is invalid, unless there is a subsequent valid act fixing a different time from that fixed in the act of March 2.

3. *Judgment; Validity; Want of Jurisdiction.*—A judgment is void for want of jurisdiction when rendered at a term of a court held at a time not provided by law.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. J. Grant, a passenger, against the L. & N. R. R. Co., for damages received while alighting from defendant's train. From a judgment for plaintiff defendant appeals. Appeal dismissed.

W. A. COLLIER, for appellant. The judgment is void because rendered at a term of the court held not authorized by law. The act to amend sections 897 and 911 of the Code 1896, Acts 1907, p. 367, is violative of article 4, sec. 44, Constitution 1901. The court should have been held at the time fixed by Acts 1907, p. 193.—*Kidd v. Burt,* 143 Ala. 625.

J. O. MIDDLETON, for appellee. No brief came to the Reporter.

DENSON, J.—Section 897 of the Code relates only to a division of the State into judicial circuits, and by it the state is divided into thirteen judicial circuits. Section 911 of the Code fixes the times and places of holding the circuit court in the Thirteenth Judicial Circuit, and refers to nothing else.

8 R

At the first session of the Legislature which convened in 1907, an act was passed, entitled: "An Act to amend Sections 897 and 911 of Chapter 19, Article 1, of the Code of Alabama." This act was approved on the 6th day of March, 1907, and may be found at page 367 of the General Acts. By this act Section 897 of the Code is amended so that the state is divided into sixteen judicial circuits, the Fifteenth being composed of the counties of Autauga, Chilton, Elmore and Montgomery. Prior to this enactment these counties were all in the Fifth Circuit except the county of Montgomery, which was in the Second Circuit.

By said enactment, Section 911 is amended so that it not only fixes the times for holding the circuit courts in the Thirteenth Circuit, but also fixes the times for holding the circuit courts, respectively, in the Fourteenth, Fifteenth, and Sixteenth Judicial Circuits.

It is insisted that the enactment, in respect to fixing the times for holding the courts in the Fifteenth Circuit, is void, because violative of Section 45 of Article IV of the Constitution 1901. That Section of the Constitution prescribes that, "Each law shall contain but one subject, which shall be clearly expressed in its title." In this respect, said section is the same as Section 2 of Article IV of the Constitution of 1875, which has been many times construed by this court. Of all the cases so construing it, that of *Ballentyne v. Wickersham* (reported in 75th Alabama) is perhaps the leading one. There, the reasons underlying the adoption of the Section are given, and these apply with equal force at the present time.

The act here considered which purports, according to its title, to amend Section 911 of the Code—a section which relates alone to the Thirteenth Judicial Circuit—

[Louisville & Nashville Railroad Co. v. Grant.]

is very much broader, and comprehends and operates upon three other circuits in the state. "The title is, therefore, misleading and delusive, affording no indication whatever" that the times and places for holding the circuit court in Chilton county would be fixed. In other words, no one, on reading the title, would be put on notice, or required to take notice that the times for holding the Circuit Court in Chilton county or in the Fifteenth Circuit would be fixed. Therefore, the subject of fixing the times for the holding of that court, or for the holding of the courts in the Fifteenth Circuit, is not expressed in the title.

It follows that the act, in this respect, is within the constitutional inhibition; and is, therefore, to this extent, inoperative and void.—*Ballentyne v. Wickersham,* 75 Ala. 533; *Chiles & Thomas v. Monroe,* 4 Metc. (Ky.) 72.

The Fifteenth Judicial Circuit, which embraces Chilton county, was created by an act of the Legislature approved March 2nd, 1907—General Acts, p. 225. By that act the times for holding the circuit court in Chilton county are fixed "on the second Monday after the fourth Monday in January, and may continue two weeks; on the third Monday in April, and may continue one week;" and "on the second Monday after the fourth Monday in September, and may continue two weeks."

Having reached the conclusion that the Act of March 6th, 1907, in so far as it attempts to fix the times for holding the courts in the Fifteenth Circuit, is void, we hold that said courts must be held at the times, respectively, as fixed by the Act of March 2nd, 1907, unless there is a subsequent valid act fixing the times for holding said courts.

The Circuit Court of Chilton county which rendered the judgment appealed from, was organized on the 8th day of April, 1907, and the judgment was rendered on the 11th day of April, 1907. This was in accordance with the Act of March 6th, 1907, which we have determined is invalid; and not in conformity, as to times fixed, with the Act of March 2nd, 1907. Therefore the court was organized, and the judgment appealed from was rendered, at a time not provided by law, and the judgment is void for want of jurisdiction.—*Kidd v. Burke,* 142 Ala. 625, 38 South. 241.

It follows that the appeal must be dismissed.

TYSON, C. J., and HARALSON and McCLELLAN, JJ., concur.

### ON RECONSIDERATION.

It has been suggested that, were the title of the Act, "An Act to amend section 897 of the Code," all that is contained in the body of the act would be germane and cognate to the subject expressed in the title, and the act would be free from the constitutional objection urged against it: Therefore, that the words and figures, "and 911," may be stricken from the title as surplusage.

It may be that ,were the title in the language suggested, the fixing of the times for holding the circuit court in the various circuits, as contained in the body of the act, would be germane and cognate to the subject expressed in the title, and covered thereby. But that is not this case. The Legislature has given us the act, with the title in its restrictive form; and when we remember that there is a separate section in the Code for each circuit, fixing the time for holding the court, and that these

circuits are not interrelated, it seems clear to our minds that, in framing the title of the act so as to specifically include section 911, the idea of fixing the time for holding court in any other than the Thirteenth Circuit is precluded, and that the body of the act, with respect to times for holding courts, is referable only to that part of the title amending section 911.

As said by Judge Cooley, in his work, Constitutional Limitations (7th ed., p. 212) : "As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so."

Consequently, the embracing in the title of section 911 was notice to the legislature that only the time for holding the court in the Thirteenth Circuit would be fixed; and this renders the title misleading and delusive as to that part of the act fixing the times for holding the court in other circuits.

TYSON, C. J., and HARALSON, SIMPSON and McCLELLAN, JJ., concur.

DOWDELL and ANDERSON, JJ., dissent.