[Graham v. The State.]

# Riggsby *v.* The State.

*Murder.*

(Decided Dec. 199, 1907.　45 South. 227.)

*Judgment; Validity; Want of Jurisdiction.*—Where the order calling the adjourned term was made at a supposed regular term held at a time not fixed by law, the order calling the adjourned term is void and all judgments rendered at such a term were void for want of jurisdiction in the court to enter them.

APPEAL from Elmore Circuit Court.

Heard before Hon. J. C. RICHARDSON.

William Riggsby was convicted of murder, and he appeals. Appeal dismissed.

F. LLOYD TATE, and G. F. SHREVE, for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

DENSON, J.—This record shows that the circuti court for Elmore county, one of the counties composing the Fifteenth judicial circuit, was organized on the second Monday after the fourth Monday in February, 1907. This was the time for the holding of that court as fixed by an act entitled "An act to amend sections 897 and 911 of chapter 19, article 1, of the Code of Alabama," approved March 6, 1907. Gen. Acts 1907, p. 367. We have held that this act, so far as it relates to the fixing of the times for holding the courts in the Fifteenth judicial circuit, is unconstitutional and void.—*Louisville & Nashville Railroad Co. v. Grant,* infra, 45 South. 226. It follows, therefore, that the organization of the circuit court of Elmore county at the time above named was

[Graham v. The State.]

illegal, and consequently that all orders made and entered by the court at that time are void.

After the organization was perfected, an order was entered adjourning the court until the 22d day of April, 1907, at which time, the order specified, the court should be convened and held for a term of two weeks. In pursuance of this order the court was so convened, and during such adjourned term the defendant in this case was tried and convicted; and from the judgment of conviction this appeal is taken. The adjourned term being based on a void order, necessarily all judgments rendered at such term must be void for want of jurisdiction in the court. It follows that the appeal must be dismissed.

Appeal dismissed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.