# Chambers v. Morris.

### Petition to Vacate and Annul a Judgment.

#### (Decided June 30, 1908.   47 South. 235.)

*Statutes; Title; Containing Two Subjects.*—The dividing of the State into circuits and the fixing of the time for holding circuit courts both being cognate to the subject of holding circuit courts, the act of March 6, 1907, (Acts 1907, p. 367) amending sections 897 and 911, Code 1896, is not repugnant to section 45, Constitution 1901.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

Motion by Lecy S'. Chambers to vacate and annul a judgment rendered against her in favor of C. V. Morris. Judgment denying the motion, and movant appeals. Affirmed.

Defendant moves the court to vacate and set aside a judgment rendered in this case by the circuit court of Henry county, Ala., on the 11th day of October, 1907, in favor of C. V. Morris and against defendant, and she avers and sets forth the following reasons therefor to-wit: "(1) The term of said court at which said judgment was rendered was convened and held at a time not authorized by law. Said term of said circuit court was convened and held at a time not authorized by law. Said term of said circuit court was convened on October 7, 1907, and held under authority alleged to be conferred by an act of the Legislature of Alabama, entitled 'An act to amend sections 897 and 911 of chapter 19, article 1, of the Code of Alabama,' approved March 6, 1907. That Henry county, prior to said amendatory act was embraced in and formed part of the Twelfth judicial circuit of the state, and the times and places of holding the circuit courts of said county were fixed and prescribed by sec-

tion 910 of the Code of Alabama, as amended by an act of the Alabama Legislature approved December 13, 1905. That the act approved March 6, 1907, amendatory of section 897 of the Code, embraces in the body of said act the following: 'Provided, further, that circuit courts of Henry county shall be held on the seventeenth Mon·days after the second Monday in February and August of each year.' And movant avers that the title of said amendatory act 'To amend sections 897 and 911 of chapter 19, article 1, of the Code of Alabama,' does not clearly express any legislative intent to fix the time and place of holding the court of Henry county as embodied in said amendatory act of March 6, 1907, and said act is contrary to the provisions of section 45, article 4, of the Constitution, and confers no authority to convene and hold said court and said judgment is void and of no effect. (2) That said amendatory act, approved March 6, 1907, is unconstitutional and void, as violative of section 45, article 4, of the Constitution in that the same contains in the body of said amendatory act a subject not clearly expressed in the title of said amendatory act, and conferred no authority to hold a term of the circuit court at which said judgment was rendered, and said judgment is void and of no effect. (3) That the term of the court at which said judgment was rendered was convened on October 7, 1907, and held by Hon. A. A. Evans, judge of the Third judicial circuit of Alabama, under authority alleged to be conferred by an act of the Legislature of Alabama, the title of which act is in the following words: 'To amend sections 897 and 911 of chapter 19, article 1, of the Code of Alabama.' That section 897 of the Code divides the state of Alabama into thirteen judicial circuits, one subject, separate and entire within itself, independent of and in no wise pertaining to the subject embodied in said section 911, fix-

ing the times and places of holding the courts of the Thirteenth judicial circuit. That said section 911 of the Code embodies the subject of holding the court of the said Thirteenth circuit, one and an entire subject, independent of and in no wise pertaining to the subject embodied in said section 897 of the Code, and as a consequence said amendatory act is violative of section 45. (4) That the act approved March 6, 1907, is void and of no effect in this: That the title of said amendatory act contains two separate and distinct subjects, while the body of said amendatory act contains three separate and distinct subjects in no wise connected with or cognate to each other, and said act did not have the effect of taking the county of Henry out of the Twelfth judicial circuit and placing same in the Third judicial circuit. Wherefore said judgment was rendered without authority of law. In support of the motion it will be admitted that Hon. A .A. Evans, judge of the Third judicial circuit, held the court at which the judgment was rendered, and that it was rendered at a term held beginning October 7, 1907." The records of the court and the judgment were introduced in evidence.

P. A. McDANIEL, for appellant. No time and place was fixed for the holding of the circuit court at Abbeville on Oct. 7, 1907. Time and place are essential, and hence the Act of 1907, p. 367, is void.—*Kidd v. Burke,* 142 Ala. 625; *L. & N. v. Grant* 44 South. 226; *Hammond v. L. & N.,* 39 South. 736; *Barbour v. The State,* 39 South. 318. The act was also repugnant to section 45, Const. 1901, in that it contained two separate subjects. —*Balentyne v. Wickersham,* 75 Ala. 533; *Walker v. The State,* 39 South. 242. The judgment showing on its face that it was rendered at a term of court held without authority of law, is void.—*Baker v. Barclay,* 76 Ala. 417;

[Chambers v. Morris.]

*Carlisle v. Killibrew,* 91 Ala. 351; *Cannon v. Thomason.* 70 Ala. 401; *Wilson v. The State,* 45 South. 227.

WILLIAM C. OATES, and ESPY & FARMER, for appellee. No brief came to the Reporter.

ANDERSON, J.—The appellant insists that Acts 1907, p. 367, which transfers Henry county from the Twelfth to the Third judicial circuit, is repugnant to section 45 of the Constitution of 1901, because it contains two separate and distinct subjects. The title of the act is to amend certain sections of the Code of 1896, which said sections either arrange the circuits or fix the time for holding court in the Thirteenth circuit. The object of amended section 897 was to divide the state into convenient circuits, and of 911 to fix the time of holding court in one of said circuits—both pertaining to one and the same general object. Dividing the state into circuits and fixing the time for court in the Thirteenth circuit is clearly germane and cognate to the subject of holding circuit courts. It is essential to the holding of circuit courts to arrange the counties into circuits and to fix the time for holding same, which pertains to the same subject. The body of the act, like the title, relates to one subject. It arranges the counties into circuits and fixes the time for holding court in some of them. We do not think that the act in question is repugnant to section 45 of the Constitution, in so far as it arranges the counties into different circuits. It is true, in the case of *L. & N. R. R. Co. v. Grant,* 45 South. 226, so much of the act as attempted to fix the time for holding court in the Fifteenth circuit was condemned by this court, not because it contained two subjects, but for the reason that the title did not embrace or include any provision for fixing the time of holding court in any cir-

cuit, save the Thirteenth, which was the only one embraced in section 911, one of the sections which the title purported to amend. But this defect had no application to the amendment of section 897, as it divided the entire state into circuits, which was as broad and comprehensive as the body of the act in this respect. Henry county having been legally placed in the Third circuit, the judgment complained of, having been rendered at a term fixed by Acts 1907, p. 498, was valid, and the trial court did not err in overruling the motion to vacate same.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.