## State, *ex rel.* Gipson, *et al.*
## *v.* Pearson, Judge.

*Mandamus.*

(Decided April 6, 1909. 49 South. 236.)

*Courts; Terms and Time of Holding; Statutes Applicable.*—In
determining the time for holding the courts in the 15th Judicial
Circuit, it is not necessary to pass upon the validity of the Act of
August 9, 1907, (Acts 1907, p. 780.) amending the Act of March 6,
1907, which has been declared unconstitutional, since the time for
holding the court is placed by section 3245, Code 1907, on the same
dates as fixed by said Act, and this section is the law which must be
observed as the time for holding such court, and not that fixed by
the Act of March 2, 1907, or March 6, 1907.

ORIGINAL Petition in the Supreme Court.

Mandamus by the state on the relation of H. E. Gip-
son, and others against W. W. Pearson, judge of the
15th Judicial Circuit to require him to hold the court
thereof on certain days.  Writ denied.

H. E. GIPSON, *pro se.*—Any citizen has a right to have
mandamus against a public officer to make him perform
a public duty.—*People v. Harris*, 96 Am. St. Rep. 304.
Inferior courts will be compelled to exercise their juris-
diction.—*Ex parte Matthews*, 145 Ala. 505; *State v.
Pitts*, 139 Ala. 152; *Leslie v. Tucker*, 57 Ala. 483; 26

Cyc. 193-5. Special or private laws are not repealed by a general statute or code.—*Camp v. The State,* 27 Ala. 53; *Magruder v. The State,* 40 Ala. 349; *Gilmore v. The State,* 125 Ala. 63; *L. & N. v. Grant,* 45 South. 226.

W. W. PEARSON, pro se.—No brief came to the Reporter.

SIMPSON, J.—This is a petition for a rule nisi against Hon. W. W. Pearson, judge of the Fifteenth judicial circuit of Alabama, to show cause why he does not hold the terms of the circuit court of Autauga county, in said circuit, at the times fixed by Act March 2, 1907, creating the Fifteenth judicial circuit (Acts 1907, p. 255). The respondent accepts service, waives other notice, confesses that the courts of said county have not been held at said times, and submits the matter to the judgment of this court.

After the passage of said Act of March 2d, creating said Fifteenth judicial circuit and fixing the times for holding the courts in said circuit, an act was passed, and approved March 6, 1907, entitled "An act to amend sections 897 and 911 of chapter 19, article 1, of the Code of Alabama," which act fixed other times for holding the courts in said Fifteenth circuit (Acts 1907, p. 367). This act was subsequently, to-wit, on December 17, 1907. declared to be unconstitutional in so far as it fixed the times of holding court in said Fifteenth circuit, because those sections of the Code of 1896 contained no mention of any Fifteenth circuit, and consequently the subject of the act was not included in the title.—*Louisville & Nashville Railroad Co. v. Grant,* 153 Ala. 112, 45 South. 226.

In the meantime, however, to-wit, on August 9, 1907, "An act to amend sections 2 and 3 of an act entitled 'An act to amend sections 897 and 911 of chapter 19, article

[State, ex rel. Collman v. Pitts, Probate Judge.]

1, of the Code of Alabama,' approved March 6, 1907," was passed (Acts 1907, p. 780). However it is not necessary to pass upon the validity of the act of August 9, 1907, as the act adopting the new Code of Alabama was passed on July 27, 1907 (Acts 1907, p. 504), and in the original copy of said Code, in the office of the Secretary of state, as well as in the printed copy, the times for holding the courts in said Fifteenth circuit are placed .on the same dates as stated in said act. Code 1907, § 3245. This section is the law which must be observed in the holding of said courts.

The writ of mandamus will be.denied.

Mandamus denied.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.