(82 South. 662)

WARD et al. v. STATE ex rel. GOLDSMITH.
(1 Div. 102.)

(Supreme Court of Alabama. June 26, 1919.)

OFFICERS ☞30—CONSTITUTIONAL PROHIBITION AGAINST HOLDING TWO OFFICES — BAILIFF AND DEPUTY SHERIFF.

A deputy sheriff, who was a mere agent or employé, of the sheriff, paid by the sheriff and removable at his will, is not an officer within the meaning of Const. 1901, § 280, prohibiting the holding of two offices of profit at one time, and he is not prevented from holding the office of bailiff while acting as the sheriff's deputy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

Sayre and Somerville, JJ., dissenting.

Certiorari to Court of Appeals.

Petition by A. G. Ward, as president, etc., for certiorari to the Court of Appeals to revise the judgment thereof (82 South. 660), affirming a judgment of the circuit court awarding a peremptory writ of mandamus, requiring petitioner to draw a warrant upon the county treasurer in favor of the relator, M. I. Goldsmith, for an amount alleged due for salary as circuit court bailiff. Writ denied.

Gordon & Edington, of Mobile, for appellants.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

ANDERSON, C. J. (for the majority). We think that the writ should be denied, and that the first proposition involved is correctly treated by the Court of Appeals (82 South. 660).

As to the second proposition, we do not take issue with the Court of Appeals that the acceptance of one office vacates the older when the holding of both is prohibited; but we think that the bailiff in question did not hold two offices as prohibited by section 280 of the Constitution. As a deputy sheriff, he was the mere agent or employé of the sheriff, paid by the sheriff and removable at his will. As such, he was not paid by the state or county from public funds, and was not therefore within the terms of section 280 of the Constitution, which prohibits holding two offices of profit. Nor is he, as a deputy sheriff, governed by the impeachment provision of the Constitution, being removable from office at the will of the sheriff. Of course, to a certain intent and purpose a deputy sheriff is an officer within certain provisions of the law, such as resisting an "officer," etc., but he is not such an officer as is dealt with by section 280 of the Constitution, unless, perhaps, he be a deputy in Montgomery or such other counties as compensate the deputy sheriff from the public funds.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, GARDNER, and THOMAS, JJ., concur in the opinion.

SOMERVILLE, J., dissents as to the holding of the Court of Appeals on the first proposition, but concurs in the holding that a deputy sheriff is not an officer as covered by section 280 of the Constitution.

SAYRE, J. (dissenting). This was an appeal to the Court of Appeals from the judg-

ment of the circuit court of Mobile awarding a peremptory writ of mandamus requiring appellant Ward, as president, etc., to draw a warrant upon the county treasurer in favor of appellee Goldsmith for an amount alleged to be due the latter for salary as one of the bailiffs of the circuit court. The trial court awarded the writ, and that judgment was affirmed by the Court of Appeals. Petitioner here seeks a writ of certiorari to revise the judgment of the Court of Appeals.

By an act approved September 22, 1915 (Acts 1915, p. 707), the Legislature amended sections 3264 and 3265 of the Code so as to read as follows:

"Sec. 3264. The sheriff of the county must summon one person to serve as bailiff for the grand jury; one to serve as bailiff in every circuit court or division thereof in which causes are being tried without juries when directed by the judge; and not exceeding two to serve in every court, or division, in which cases are being tried by juries, when the judge thereof certifies that such bailiff or bailiffs are actually necessary.

"Sec. 3265. Bailiffs actually serving in court shall receive two dollars a day for every day they serve, to be paid out of the county treasury on the certificate of the presiding judge showing the number of days the bailiff actually attended the court, and that his service was necessary. Provided, that in circuits composed of one county having two or more circuit judges that each bailiff shall receive a salary of $1,000 per annum payable in twelve equal monthly installments out of the treasury of the county constituting such circuit upon the warrant of the president of the board of revenue."

The Mobile circuit is composed of one county, and has three judges.

Demurrer to Goldsmith's petition having been overruled in the circuit court, respondent Ward answered the petition alleging, among other things, that—

"The judges, nor either of them, of the circuit court of Mobile county, Ala., did not certify as is required by law, that such bailiff or bailiffs were actually necessary, prior to the summoning of the petitioner, M. I. Goldsmith, as such bailiff, or prior to the time that the alleged services as such bailiff were rendered."

The trial court sustained a demurrer to this answer, and the petition for certiorari alleges this was error.

The language of the statute, wherein it applies to this case, is plain. It is that—

"The sheriff of the county must summon not exceeding two to serve in every court, * * * when the judge thereof certifies that such * * * bailiffs are actually necessary."

The main purpose of the statute as amended was to provide bailiffs for the court. Another purpose was to take precaution that the right to summon bailiffs be not abused.

To this last end the judge is required to certify an actual necessity, and, when this is done, the sheriff must summon. The bailiffs so certified and so summoned are by the act constituted officers with a salary of $1,000 per annum payable in 12 equal monthly installments. The effect of the statute is to provide that the office in question shall come into being when the judge certifies its necessity. There can be no difficulty about the judge making a certificate. His certificate constitutes the sheriff's authority to appoint, and may be made before appointment as conveniently, if that is to be considered, as after. To permit a certificate made after the fact to serve the purpose of a certificate made according to the terms of the statute, or to say that Goldsmith has performed services for the county and therefore should be paid, would set the statute at naught, would permit the very thing the statute intended to prevent. Nor can reliance be placed upon "the solemn order of a court of three judges of high rank sitting in banc, directing the sheriff to summon a given number of bailiffs for each division of the court." Such action may give assurance that so many bailiffs are necessary; but the Legislature required a different assurance, and for us that is an end of the matter. The court has no authority to gainsay the statute.

For these reasons the writ of certiorari ought, in my opinion, to be awarded.

SOMERVILLE, J., concurs in the foregoing.