(84 South. 636)

KEMP et al. v. WILSON. (6 Div. 539.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. SHERIFFS AND CONSTABLES ⬤⟋168(6)—PLAINTIFF MUST PROVE ALLEGATION THAT CONSTABLE ACTED UNDER COLOR OF OFFICE IN SHOOTING PLAINTIFF.

To entitle plaintiff to recover from a constable and his sureties on the ground of an unlawful shooting of plaintiff by the constable, it was incumbent upon plaintiff to prove the act was done by the constable under color of his office; plaintiff having so alleged.

2. SHERIFFS AND CONSTABLES ⬤⟋168(6)—PERSON SHOT BY CONSTABLE AS DEPUTY SHERIFF CANNOT RECOVER IN ACTION AGAINST CONSTABLE AS SUCH.

Plaintiff cannot recover from a constable and his sureties as for an illegal shooting of plaintiff under the allegation that the constable was acting under color of his office on proof that the shooting was done by the constable as a deputy sheriff aiding another in making an arrest.

3. SHERIFFS AND CONSTABLES ⬤⟋169—CONNECTION OF PLAINTIFF SUING FOR ILLEGAL SHOOTING WITH GAMING AT PLACE OF SHOOTING PROPERLY EXCLUDED.

In action against constable and his sureties for illegally shooting plaintiff, testimony as to former connection of plaintiff with gaming at the place of the shooting, and as to his visiting the place and playing cards, was properly excluded on plaintiff's objection.

4. SHERIFFS AND CONSTABLES ⬤⟋169—INSTRUCTIONS BY SHERIFF TO CONSTABLE INADMISSIBLE IN ACTION AGAINST LATTER FOR WRONGFUL SHOOTING.

In action against constable and his sureties for illegally shooting plaintiff, testimony as to instructions given by the sheriff to a witness and to defendant constable while acting as deputies held properly excluded.

5. EVIDENCE ⬤⟋471(31) — CONCLUSIONS OF CONSTABLE AS TO WHETHER HE ACTED AS SHERIFF OR CONSTABLE INADMISSIBLE.

In action against a constable and his sureties for an illegal shooting, testimony of defendant constable as to what capacity he was acting in, whether as deputy sheriff or constable, at the time, was inadmissible; the witness should have been asked for the facts, not his conclusions.

6. OFFICERS ⬤⟋30—CONSTABLE NOT PROHIBITED FROM ACTING AS DEPUTY SHERIFF—"HOLDING TWO OFFICES OF PROFIT."

A deputy sheriff is merely the agent or employé of the sheriff, enjoys no tenure of office, is removable at the sheriff's will, and is not within Const. 1901, § 280, prohibiting holding two offices of profit, to make it impossible for a constable to act as a deputy sheriff.

7. TRIAL ⬤⟋251(2)—INSTRUCTIONS IN ACTION AGAINST CONSTABLE FOR ILLEGAL SHOOTING PROPERLY REFUSED AS ABSTRACT.

In action against constable and his sureties for an alleged illegal shooting, requested instructions that defendant constable would have been guilty of misdemeanor in refusing to go with the sheriff to make arrests after having been commanded by the sheriff to do so were properly refused as abstract.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by Freeman Wilson against W. T. Kemp and the sureties on his official bond as constable. From judgment for plaintiff, defendants appeal. Reversed and remanded.

---

⬤⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The pleadings sufficiently appear.

Evidence tended to show that Officers Kemp and White arrested 10 or 12 persons engaged in playing and betting at a game of cards and dice, and that as they were taking them to the lockup Freeman Wilson ran for and towards an alley, and that when he got about 30 feet from the officer, Officer Kemp fired, breaking Wilson's leg. Kemp was a constable of precinct 52 of Jefferson county, and the shooting occurred in precinct 45.

During the examination of Sidney Martin a witness for the plaintiff the defendant asked the witness the following question:

"Is it not a fact that the place where you were arrested when Freeman Wilson was shot is the place where games of cards or dice are frequently played and is it not a fact that when such games are played there that the parties bet or hazard money on the game?"

The same question was asked the plaintiff, and he was further asked if he had not been convicted of being at that place.

Charge 3 given for the plaintiff was as follows:

If you are reasonably satisfied from the evidence that W. T. Kemp was, on the 29th or 30th of September, 1917, constable in Jefferson county, Ala., and that E. T. Field and J. M. Donaldson were the sureties on his official bond as such, and that, while making an arrest of plaintiff unlawfully or wrongfully, that the plaintiff if you believe from the evidence he was shot, then they and each of them would be liable in damages to the plaintiff, if plaintiff was in fact damaged, and he would be allowed to recover unless he. (Kemp) shot in self-defense.

The following charges were refused to the defendant:

(2) If you believe the evidence in this case, you cannot find in favor of the plaintiff, against the defendants Donaldson and Field.

(4) General affirmative charge not to find in favor of plaintiff on count 2 of the complaint.

• (D) If you are reasonably satisfied from the evidence in this case that the defendant Kemp at the time of the acts complained of by the plaintiff was acting in the capacity of deputy sheriff, then you cannot find in favor of plaintiff as against the defendants Field and Donaldson.

(7) If from the evidence in this case you are not reasonably satisfied in what capacity the defendant was acting at the time of the shooting complained of, then you cannot find in favor of the plaintiff.

(8) If you are reasonably satisfied from the evidence that the defendant W. T. Kemp, at the time of the acts complained of by plaintiff, was acting in the capacity of deputy sheriff, you cannot find in favor of the plaintiff.

(14) If you believe from the evidence in this case that the defendant was called over the telephone by Lee White, who was deputy sheriff at the time, and asked by him to go with him, said Lee White, to raid a crap game, and the defendant Kemp was at the time a deputy

17 ALA.APP.—15

sheriff also, and that he went with Lee White in response to such request, then that is a circumstance that you may consider in connection with all the other evidence in determining the question of what capacity the defendant Kemp was acting in at the time of the arrest and shooting, if you further believe that it was done while defendant Kemp was complying with such request.

Charges 20, 21, and 23, assert, in effect, that the defendant would have been guilty of a misdemeanor in refusing to go with Lee White to make the arrests after having been commanded by White to do so.

C. W. & H. G. Sanders, of Birmingham, for appellants.

The defendants were entitled to the general affirmative charge, on the theory that the sureties are not liable for the acts of the principal, not done in his official capacity. 150 Ala. 440, 43 South. 481; 30 Ala. 183; 71 Ala. 479; 76 Ala. 406; 60 Ala. 328; 66 Ala. 211; 65 Ala. 202; section 1500, subd. 4, Code 1907; 29 Cyc. 1455; 35 Cyc. 1992.

C. E. Wilder and G. M. Edmonds, both of Birmingham, for appellee.

Kemp could not justify his acts by pleading he was acting deputy sheriff at the time. Section 1500, subd. 1, and section 1467, subd. 7, Code 1907; 78 Ala. 488. Kemp could not hold two offices at the same time. Authorities supra.

BRICKEN, J. This is an action by Wilson (appellee) against W. T. Kemp, as constable of beat 52, Jefferson county, and the sureties on his official bond, for damages sustained by appellee on account of being wrongfully or unlawfully shot by appellant Kemp while Kemp was alleged to be acting as such constable.

The complaint consisted of three counts, but the third count was eliminated by the charge of the court. There was judgment in favor of plaintiff, Wilson, and the defendants have appealed to this court, and assigned as error the giving of written charges requested by the plaintiff, the refusal of written charges requested by the defendants, and the rulings of the court upon the admission of testimony.

The complaint was based upon the official bond of the constable, Kemp, and in the first count the breach was alleged as follows:

"And plaintiff further avers that on said day and date, to wit, the 30th day of September, 1917, in Fairfield in said county and state, the said W. T. Kemp, while acting under the color of the office of constable as aforesaid, breached said bond by wrongfully shooting and injuring plaintiff."

The breach in the second count is the same as in the first count, except that the word "unlawfully" is used where the word "wrongfully" is used in the first count.

[1] In order for the plaintiff to be entitled to a recovery, it was incumbent upon him to prove that the act was done by the constable, Kemp, "while acting under color of the office of constable"; the burden of proving substantially all the material averments of the complaint upon the plaintiff. T. C., I. & R. R. Co. v. Hamilton, 100 Ala. 252, 262, 14 South. 167, 46 Am. St. Rep. 48. We have carefully examined the testimony in the record, and find no evidence to support this averment. For this reason the court erred in refusing to give the affirmative charge requested in writing by appellants, defendants in the court below. Hatch v. Varner, 150 Ala. 440, 43 South. 481.

[2] The evidence shows that the shooting was done in making an arrest in a beat other than the beat of which defendant Kemp was constable; that Kemp was a deputy sheriff, and was aiding another deputy sheriff in making the arrest. The evidence shows that Kemp was not acting in his capacity as constable, but was acting as a deputy sheriff. Failing to prove this material averment of the complaint, the plaintiff was not entitled to recover.

The court erred in giving charge No. 3 requested in writing by plaintiff. This charge instructed the jury to find for the plaintiff without the necessity of plaintiff proving that Kemp was acting in his capacity as constable, or "while Kemp was acting under color of the office of constable," etc.

We do not deem it necessary to pass separately upon the charges requested in writing by the defendants.

[3, 4] There was no error in sustaining the objections of the plaintiff to the questions as to the former connection of plaintiff for gaming at the same place or as to his visiting the place and playing cards. Nor was there error in sustaining objections as to instructions given by the sheriff to the witness Lee White or Kemp while acting as deputies.

[5] There was no error in sustaining objections to the questions asked the defendant Kemp as to what capacity he was acting in, whether as deputy sheriff or constable; the rule being that the witness should be allowed to state the facts, but not his conclusions.

[6] It is strenuously insisted by appellee that appellant Kemp could not be a deputy sheriff while he held office as constable; that he could not act in a dual capacity, etc., and in support of this insistence cites Code 1907, § 1467, subd. 7, also Carlisle v. Watts, 78 Ala. 488, neither of which bear upon the question involved, and it is manifest that in making these references a clerical misprision has been committed. However, the question has been recently decided adversely to the contention of appellee by this court in the case of Ward, Pres., etc., v. State ex rel. Goldsmith, 82 South. 660,[1] and by the Supreme Court of Alabama, 82 South. 662.[2] In these cases it is held that a deputy sheriff is merely the agent or employé of the sheriff, enjoys no tenure of office, and is removable at the will of the sheriff, and is not within the terms of section 280 of the Constitution, which prohibits holding two offices of profit.

Charges 2, 4, D, 7, 8, and 14, requested by appellants, should have been given.

[7] Charges 20, 21, 22, and 23 were properly refused as being abstract.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.