(107 So. 47)

### STALLINGS v. NOWELL et al. (6 Div. 537.)

(Supreme Court of Alabama. Jan. 14, 1926.)

Statutes ⟐⟐117(8)—To hold that act as to appointment of guardians ad litem amended previous acts, in so far as it related to counties of over 100,000 inhabitants, would render it invalid as to title.

Where Acts 1911, p. 128, providing for appointment of guardians ad litem for counties of over 100,000, was amended by Acts 1915, p. 260, only to make it applicable to counties of not less than 60,000 and not over 82,000 inhabitants, to hold that Acts 1919, p. 204, title to which provided for such appointment in counties of not less than 60,000 and not over 82,000, amended previous acts, in so far as they relate to counties of over 100,000, would render it repugnant to Const. 1901, § 45, providing that each law shall contain but one subject, which shall be expressed in its title.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Motion of Ruby Stallings, as guardian, to retax costs on partial settlements of her guardianship, opposed by Janice Nowell and others. From a decree overruling the motion, movant appeals. Reversed and remanded.

It appears that Ruby Stallings was by the probate court of Jefferson county duly appointed guardian of the persons and property of Janice Nowell, Fred C. Nowell, Margaret Nowell, and Louise Nowell, and that thereafter said guardian filed her bill in the circuit court in equity against said Janice, Fred C., Margaret, and Louise Nowell for the removal of the guardianship proceedings from the probate court to the equity court. By decree of the circuit court, such removal was ordered, since which time all proceedings relating to the guardianship have been had in the circuit court in equity.

On September 27, 1922, said guardian filed in the cause an account in partial settlement of her guardianship, on the hearing of which Willard Drake, as general guardian ad litem of Jefferson county, represented said four minors. On June 30, 1923, and June 10, 1924, said guardian (Ruby Stallings) filed separate accounts in partial settlement of her guardianship; George Lewis Bailes, as general guardian ad litem of Jefferson county, representing each of the minors upon the hearing of each account.

At the time of the respective settlements, the guardian ad litem named was the duly

STALLINGS v. NOWELL · 119

qualified general guardian ad litem of the county, and was likewise duly·appointed by the court to represent each of said minors as guardian ad litem on the hearings. Following the filing of said accounts, due and regular proceedings were had, and final decrees were entered, passing the accounts. By the decree approving the account or settlement filed June 10, 1924, it was adjudged that the· guardian (appellant Stallings) pay the costs to the date of decree, and thereafter the register taxed the costs, including these items: Guardian ad litem fee (Drake) $400; guardian ad litem fee (Bailes) $800. A cost bill was rendered said Ruby Stallings, as guardian, who thereafter filed motion to retax the costs, the items to which exception was taken being those for guardian ad litem fees, on grounds that the fees are excessive and contrary to the Act of 1915, p. 260.

On consideration of the motion, the trial court decreed that said fees were taxed in accordance with the Act of 1915, p. 260, as amended by the Act of 1919, p. 204, and adjudged that same be, paid by the guardian out of the estate of said minors. From this decree, the guardian appeals.

Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellant.

The title of the act of 1919 is misleading and void. Acts 1919, p. 204; Const. 1901, § 45; Ex parte Pollard, 40 Ala. 77; State ex rel. v. McCary, 128 Ala. 139, 30 So. 641; Randolph v. Builders' & Supp. Co., 106 Ala. 501, 17 So. 721. Where an amendment to a statute is unconstitutional, the original statute remains as it existed before the attempted amendment. 25 R. C. L. 906; Eberle v. People, 232 U. S. 700, 34 S. Ct. 464, 58 L. Ed. 803. The fees of the general guardian ad litem cannot exceed $100 for all minors represented ·in all proceedings in any one suit. First National Bank v. Watters, 201 Ala. 670, 79 So. 242.

Hugo L. Black, of Birmingham, for appellees.

The presumption is that the Legislature has not exceeded its powers, and unless it appears there has been a substantial departure from the Constitution the validity of an act must be upheld. State v. Rogers, 107 Ala. 444, 19 So. 909, 32 L. R. A. 520. In an amendatory act the title is sufficient ,if it points to the act to be amended. State v. Patterson, 146 Ala. 128, 42 So. 19; State·v. Rogers, supra; Henry v. State, 200 Ala. 475, 76 So. 417.

ANDERSON, C. J. The Act of March 11, 1911, p. 128, provided for the appointment and compensation of a guardian ad litem for all counties of over 100,000 inhabitants, and which for the time being applied to Jefferson county only. The Act of July 27, 1915, p. 260, amended the Act of 1911, but in no material aspect except to make it also apply to counties of not less that 60,000 and not over 82,000 inhabitants, and which said last act dealt with two classes of counties, and which at the time applied to Jefferson and Mobile. The Act of August 18, 1919, p. 204, as indicated by its title, purported to amend only an act providing for an appointment of a guardian ad litem in counties of not less than 60,000 and not over 82,000. No hint is given that the law, as far as applicable to counties of over 100,000 inhabitants, would be changed or altered. No Legislature could possibly be informed by reading the title, or the body of the act for that matter, that the guardian ad litem, in counties of over 100,000 inhabitants, would be thereby affected. Indeed, while not conclusive, the index, as it appears in the act of 1919, in the only reference to˙said act, says, "Guardian Ad Litem Provided for Mobile County," and is persuasive that it gave the compiler or indexer no hint that it applied to Jefferson county. To hold that the act of 1919 applies to Jefferson county would render it ˙a most flagrant piece of ·"log rolling and hodgepodge legislation," so strongly condemned by Mr. Cooley, and whose language is approvingly quoted in the opinion of this court in the case of Lindsay v. U. S. Savings Association, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783. Section 45 of the Constitution, among other things, provides:

"Each law shall contain but one subject, which shall be clearly expressed in its title."

"While we have heretofore held that this constitutional provision is mandatory, it should be liberally construed in favor of legislative enactments when they are reasonably cognate or germane to the title; but when the title is so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment, it is insufficient." Pillans v. Hancock, 203 Ala. 570, 84 So. 757; Lindsay's Case, supra; Ballentyne v. Wickersham, 75 Ala. 533.

To hold that the act of 1919 amended the previous ones in so far as the latter relates to Jefferson county or to counties of over 100,000 inhabitants would render it repugnant to section 45 of the Constitution. Whether or no the said act is a valid amendment as applicable to counties of not less than 60,000 and not over 82,000 inhabitants we are not called upon to decide. It is sufficient to say that the fees allowed the guardian ad litem in the case at bar are not in accordance with the law as applicable to Jefferson county, and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.