196 So. 873

**STATE ex rel. FARMER v. HAAS.**

**1 Div. 113.**

Supreme Court of Alabama.

June 20, 1940.

Rehearing Denied June 27, 1940.

Geo. A. Sossaman, of Mobile, for appellant.

V. R. Jansen, of Mobile, for appellee.

BOULDIN, Justice.

Appellant proceeded by mandamus in the Circuit Court of Mobile County to require respondent to draw a warrant for the salary alleged to be due petitioner for serving as bailiff in the Circuit Court of Mobile County.

In a former proceeding of like kind appellant claimed a salary of $200 per month under the Act of August 25, 1939, Acts 1939, p. 424.

It was not claimed that petitioner was appointed bailiff by one of the judges of the Circuit Court of Mobile county, but proceeded on the theory that above statute, amendatory of § 6717 of the Code, in so far as it vested the appointment of bailiffs in the circuit judges was void in that such

provision was not germane to § 6717, and, therefore, was violative of § 45 of the Constitution. It was insisted that Code, § 6716, dealt with the appointment of bailiffs for the court, and § 6717, dealt only with the pay or salary of bailiffs; that the provision for increase in salary was severable, and valid.

This court, in response to an inquiry from the Court of Appeals, held the Act of August 25, 1939, not subject to the objection insisted upon. State ex rel. Farmer v. Haas, 239 Ala. 16, 194 So. 395; Id., 29 Ala.App. 169, 194 So. 398.

That decision reviews the various amendatory acts of § 6717 of the Code of 1923, all dealing with bailiffs of circuit courts in judicial circuits composed of one county, having two judges, or three judges, the latter applying to Mobile County only.

Original § 6717 is a codification without change, of the Act of 1919, p. 1113, which, in turn, was amendatory of the Act of 1915, p. 707, which was amendatory of § 3265 of the Code of 1907. It will be observed that Acts of 1915, and 1919, supra, amended both Sections 3264 and 3265 of the Code of 1907, which, as amended, became Sections 6716 and 6717, Code of 1923. These sections are closely related, looking to providing necessary bailiffs, in circuit courts throughout the State, their method of appointment, the evidence of their service, the necessity therefor, and the amount of compensation.

In circuits composed of one county having two or more judges, bailiffs were put on a salary basis of $1,000 per annum. This provision was common to the Acts of 1915, 1919, and Code § 6717. See Ward et al. v. State ex rel. Goldsmith, 203 Ala. 306, 82 So. 662.

In the present suit, appellant seeks to obtain payment for his services, rendered after the Act of August 25, 1939, on a salary basis of $1,000 per annum, the salary named in original § 6717.

This contention is based upon the view that all the amendments to this original section purporting to provide for appointment of bailiffs by circuit judges and fixing their salaries in circuits composed of one county having three judges are to be classed as local legislation, and violative of § 106 of the Constitution.

These several acts purport to amend § 6717 of the Code. See Acts 1927, p. 440; Acts 1931, p. 66; Acts 1939, p. 114; Acts 1939, p. 424.

**32**

It is to be conceded that an original act relating solely to bailiffs in the circuit courts in judicial circuits composed of one county having three judges would be a local act within § 106 of the Constitution. This, for the reason that such statute applies solely to Mobile County; and under existing law will never become applicable to any other county. We are of opinion, however, this principle does not apply here.

Sections 6716 and 6717 deal with bailiffs in circuit courts throughout the State. Section 6717 provides a different pay basis for bailiffs in circuits of the class specified.

■ A general law may make provision for a different pay basis, or different method of appointment of bailiffs, as the Legislature may deem best suited to the conditions in the several circuits. It is immaterial whether a given classification applies to one or more circuits.

■ The subject of legislation in a proposed statute amending a Code section, identified in the title by the number of the section, is the subject matter of the section to be amended. The amendment incorporated in the new section may deal with any feature of the section to be amended. The test is that the amendment must be germane to the section being amended. This is true, if germane to the feature of the section to which the amendment relates. That the amendment was germane was decided adversely to appellant on former appeal. This is not to say Section 106 of the Constitution may be evaded by incorporating local legislation in a general law amending a section of the Code, although dealing with the same subject matter.

■ When a bill by its title purports to amend a numbered section of the Code, the attention of the legislator is directed to the statute thus identified, and he may expect the amendment to deal with any feature of the existing section. Since § 6717 of the Code of 1923 dealt specially with bailiffs in circuit courts in judicial circuits composed of one county and having three judges, any amendment germane to that feature of the section was allowable. On that question, we refer to our decision on former appeal.

It results that appellant is not entitled to the salary of $1,000 per annum under original § 6717.

His present petition for mandamus discloses service after the Act of August, 1929, became effective, under appointment as per § 6716 of the Code. Whether he is entitled to the per diem named in § 6717 in the Code of 1923, and all subsequent amendments, is not involved and not decided.

We note the Act of March, 1939, supra, purported to authorize appointment of one bailiff by each of the three judges, and additional bailiffs by the sheriff, such bailiffs to be in lieu of those authorized under § 6716. In the Act of August, 1939, this latter provision is stricken out, and nothing appears as to appointments under § 6716.

Only one bailiff for each division of the court is provided for under § 6717 as last amended. If other bailiffs appointed under § 6716, as the judge may deem necessary, and paid a per diem as per § 6717, is not allowable, then the circuit courts of Mobile County are under a handicap not pertaining to other circuit courts in the State. We mention this to indicate that we do not now commit ourselves on this question, which seems important, when presented for consideration.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.