35 So.2d 84

**STATE ex rel. HARRINGTON v. RANDLE.**

I Div. 319.

Supreme Court of Alabama.
April 22, 1948.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, and Jas. T. Hardin, Asst. Attys. Gen., amicus curiae.

Vincent F. Kilborn, of Mobile, for appellee.

Wm. C. Taylor, of Mobile, for appellant.

John P. Kohn, Jr., of Montgomery, amicus curiae.

STAKELY, Justice.

This is an action in the nature of a quo warranto instituted in the name of the state on the relation of one W. N. Harrington against Mrs. Myrtle Gay Randle, charging her with unlawfully holding and exercising the powers of a public civil office of the State of Alabama, viz., the office of member of the Board of Registrars of Mobile County, Alabama. The court sustained the demurrers to the petition. Nonsuit was taken from this adverse ruling. Hence this appeal. Section 819, Title 7, Code of 1940.

Mrs. Myrtle Gay Randle registered as a qualified elector on October 15, 1946, at a time when the board of registrars was in session as authorized by the act known as Act No. 454, General Acts of Alabama of 1935, p. 981 et seq. This act now appears as § 37, Title 62, Code of 1940. If Mrs. Myrtle Gay Randle became a qualified elector on October 15, 1946, then she is entitled to hold office as a member of the

474

Board of Registrars of Mobile County. If she did not at that time become a qualified elector then she is not entitled to hold such office because to be qualified to hold such office, it was necessary for Mrs. Myrtle Gay Randle to be a qualified elector. Section 21, Title 17, Code of 1940.

█ A citizen to qualify as an elector must be registered as a voter while the board of registrars is legally in session. State ex rel. Shoemaker v. Davison, 196 Ala. 453, 71 So. 678; State ex rel. Newton v. Herring, 196 Ala. 455, 71 So. 679. However, the appellant contends that § 37, Title 62, Code of 1940, was not in force or effect on October 15, 1946, when Mrs. Myrtle Gay Randle claims to have been registered as a qualified elector. In this connection it is insisted that the act of the legislature, known as Act No. 262, p. 233, of General Acts of 1943, repealed the 1935 act which was codified as § 37, Title 62, Code of 1940. If the 1943 act did repeal the 1935 act, codified as aforesaid, then Mrs. Myrtle Gay Randle was not qualified as an elector on October 15, 1946. An examination of the 1943 act will show that according to its provisions, the board of registrars could not be legally in session on October 15, 1946. This act provides that, "The board of registrars in each county shall visit each precinct at least once and oftener if necessary between October first and December thirty-first, 1939, and each two years thereafter, to make a complete registration of all persons entitled to register, and shall remain there at least one half a day." The year 1946 would be an off year.

The 1943 act did only two things to amend § 26, Title 17, Code of 1940. Both of these changes were in the last sentence of the law. The word "registration" was changed to "registrars" and the word "fourth" was changed to "third". Thus the board was to meet on the third Monday in January instead of the fourth Monday. Place these words beside the Mobile act and these words are without meaning in the Mobile act.

█ This brings us to the vital question in the present case. Did the 1943 act repeal the 1935 act codified as § 37; Title 62, Code of 1940? When the 1935 act was codified, it became local law. In re Opinion of the Justices, 244 Ala. 384, 13 So. 2d 762; Burns v. State, 246 Ala. 135, 19 So.2d 450. Upon a consideration of the matter we conclude that the 1943 act did not repeal the earlier statute.

█ The title of the 1943 act is, "To amend section 26, Title 17, Code of Alabama of 1940." This act contains the following provision, "Section 2. That all laws, local, special or general, in conflict herewith are hereby repealed." One of the purposes of § 45 of the Constitution of 1901 is to prevent "surprise * * * upon the Legislature by means of provisions in bills of which the title gives no intimation, and which might, therefore, be overlooked and carelessly and unintentionally adopted." Fuqua v. City of Mobile, 219 Ala. 1, 121 So. 696; Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783. Of course a code section may be amended by reference only to the number of the section and the amendment may deal with any feature of the section. But the amendment must be germane to the section which is being amended. State ex rel. Farmer v. Haas, 240 Ala. 30, 196 So. 873; Newman v. State, 30 Ala.App. 529, 9 So.2d 768, certiorari denied 243 Ala. 256, 9 So.2d 744.

█ Section 26, Title 17, Code of 1940, prior to the 1943 act dealt with general state-wide conditions except as to Mobile County and perhaps one or two other counties. The 1943 act, if there is repeal of the Mobile local law, deals with state-wide conditions including Mobile County and perhaps such other counties. "It has been declared that the subject of a code section is the substance, thing or idea about which the legislative will is therein expressed." State v. Haas, 239 Ala. 16, 194 So. 395, 396. It does not seem to us that reference to the title of the 1943 act purporting to amend a general state-wide law would cause a legislator to expect that it contained a repeal of a special, local law. State ex rel. Farmer v. Haas, 240 Ala. 30, 196 So. 873. The title of the 1943 act gives no intimation that a statute other than § 26, Title 17, Code of 1940, is

dealt with. McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304; State ex rel. Lister v. Hawkins, 229 Ala. 144, 155 So. 692; Louisville & N. R. R. Co. v. Grant, 153 Ala. 112, 45 So. 226; Ex parte Reynolds, 87 Ala. 138, 6 So. 335; Lee v. State, 143 Ala. 93, 39 So. 366; Stallings v. Nowell, 214 Ala. 118, 107 So. 47.

We do not regard the 1943 act as repealing the Mobile local law. The demurrers to the petition were properly sustained.

Affirmed.

All the Justices concur.