66 So.2d 438

**GRAYSON v. STONE, Treasurer.**

I Div. 561.

Supreme Court of Alabama.

June 30, 1953.

Sam M. Johnston and Johnston, McCall & Johnston, Mobile, for appellant.

Geo. E. Stone, pro se.

## PER CURIAM.

The question here is one of constitutional application in respect to the salary of the circuit judges of Mobile County (Thirteenth Circuit) in so far as concerns that part of such salary payable by the county.

The specific question is whether the Act No. 817, approved September 11, 1951, General Acts 1951, page 1450, takes precedence over the Act of July 27, 1951, No. 299, General Acts 1951, page 594, in respect to the amount payable by the county. Prior to these acts the salary of circuit judges was prescribed by an Act of September 2, 1949, No. 531, General Acts 1949, page 840; Section 177(1b) Pocket Part, Title 13, Code. The title of the Act of September 2, 1949 was to amend an Act of October 2, 1947 to fix and prescribe the salaries of circuit judges and to provide for the supplementing of said salaries by the counties of certain judicial circuits.

The Act fixed $7,500 for each such judge payable out of the state treasury. It then provided that in circuits as described the amount so fixed should be supplemented by the county in amounts regulated by the number of judges and size of the circuit. As applicable to Mobile (the Thirteenth Circuit) it provided that the total salary shall be $10,000, of which $7,500 must be paid by the state and $2,500 by the county, —this because it was and is now a circuit composed of one county with more than two judges and less than nine judges. Such was the status of the law until July 27, 1951, when an Act was approved, No. 299, General Acts 1951, page 594, entitled "An Act To fix the supplemental salaries of Circuit Judges in circuits having only one county and not less than three nor more than five Judges to be paid out of the County Treasury of said county." The substance of that act was to provide that in such circuits there shall be paid out of the county treasury to each such circuit judge $3,000 per annum in twelve equal installments as supplemental salary to that paid by the state, with a repeal of conflicting laws. There was no other mention made of that part of the salary payable by the state. No question as to its validity is raised here.

Within less than two months thereafter, the same legislature on September 11, 1951 passed an Act entitled "An Act To fix the salary of judges of the circuit court." Section 1 of that Act fixed $8,500 as such salary applicable to each circuit judge in the state, payable out of the state treasury. Theretofore the salary had been $7,500. Section 2 of the Act provided that it shall not affect the compensation payable to any circuit judge by any county except in respect to three designated circuits. One such circuit was when it was composed of only one county having more than two judges and less than nine judges (Mobile Circuit), when the amount to be supplemented by the county was fixed at $2,500 per annum. Another circuit affected was the Eleventh, and the other was the Fourteenth, both so designated. It has no general repealing clause, but does have a severable clause.

The first feature of section 2 of the Act of September 11, 1951, therefore conflicts with the Act No. 299, approved July 27, 1951. It will take precedence over Act No. 299 if it is not subject to the constitutional defects claimed.

This proceeding properly tests that question. It is a mandamus to the treasurer of Mobile County to require him to register and pay when funds are available a warrant issued to a judge of that circuit for one monthly installment of the sum of $3,-000 per annum as provided by the Act of July 27, 1951. The treasurer refused to register and pay it because of his contention that the Act of July 27th was repealed and superseded by the Act of September 11, 1951, fixing $2,500 per annum instead of $3,000 as the part of his salary payable by the county.

The trial court agreed with the treasurer and held that the Act of September 11, 1951 was not subject to the constitutional objection urged and was controlling. That holding is challenged by appellant on appeal from that judgment.

The contention is that the title of the Act of September 11, 1951 is not sufficient to include a provision changing the amount of the salary payable by the county. The Act of July 27, 1951 relates only to that subject and it is limited to circuits to which the Thirteenth (Mobile) is alone applicable.

The argument of counsel seems to assume that the amount of the salary which the law requires shall be paid by the county is so separated from that required to be paid by the state as not to be included in a title to fix the salary of circuit judges. The legislature has prescribed generally the salary as a certain sum which the state is directed to pay, uniform throughout the state and it has remained uniform. But in certain circuits of only one county the legislature has fixed a larger amount as the salary of the judges, and it is usually so stated. See Act of September 2, 1949, General Acts 1949, page 840; section 177 [1b], Title 13, Pocket Part, Code. But sometimes the change in the salary is effected by a change in the amount to be contributed by the county, as in the Act of July 27, 1951, supra. That change may be decreased, if the amount payable by the state is increased so that the net result is not a decrease. That would not offend section 150 of the Constitution, prohibiting a decrease in the compensation of circuit judges. Of course that means total compensation.

The question here applies to the salary for the month of February 1953. That was the first month after a new term of the judges began. After July 27, 1951 and before February 1953, the record does not indicate whether or not the judges were paid by the county under the Act of July 27, 1951. It is possible that they were so paid on the theory that the Act of September 11, 1951 decreased their salary, and therefore it was not operative if effective until after the current term expired under the authority of Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720; State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 150 So. 537.

But we cannot accept that theory. We think and hold that in circuits of one county with two or more judges, the provision for compensation is one sum of which the state contributes the uniform amount provided by law and the county contributes the balance.

The Act here in question, September 11, 1951, has application throughout the state. And except in counties which are required to contribute to the salary of the circuit judges the amount is uniform and fixed at $8,500. In section 2 of the Act of September 11th the salary of the circuit judges (which is their only compensation) in the Mobile circuit is fixed at $11,000. It is so stated in terms. Under the Act of September 2, 1949, supra, the compensation was fixed at $10,000 in terms of which $7,500 was specified to be payable by the state and $2,500 by the county. The Act of July 27, 1951 served to increase that salary or compensation to $10,-500 by adding $500 to the amount contributed by the county. That Act, in terms, referred only to the county supplemental salary. But that did not keep it from having the overall effect of raising the salary or compensation which did not offend sec-

tion 150 of the Constitution, assuming that it is otherwise valid.

■ The whole question here is whether the title to fix the salary of judges of the circuit court includes the amount required to be contributed by the county. The subject of an act may be expressed in general terms. When so, everything appropriate to make it a complete act which is cognate and germane to the general subject so expressed may be properly included in the Act. Kendrick v. Boyd, 255 Ala. 53, 51 So. 2d 694; City of Marion v. Underwood, 231 Ala. 225, 164 So. 296; Gibson v. State, 214 Ala. 38, 106 So. 231; Ex parte Pollard, 40 Ala. 77.

On August 24, 1927, an Act (General Acts 1927, page 456) was approved entitled "An Act To amend Section 6702 of the Code of Alabama, 1923." That section of the Code fixed the salary of circuit judges at $4,000. The Act changed the amount to $5,000. It also provided that in circuits of one county with more than two judges, each judge shall in addition to the $5,000 paid by the state receive the sum of $3,000, payable out of the county treasury. (This applied to Mobile and Jefferson Counties.) This Act was held invalid as to that feature relating to the county supplementing the amount fixed for the state because section 6702 (Code of 1923) related only to payments by the state, and the title referring to that section gave no indication of an amendment of the amount payable by the county, which was section 6703. McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304. The title of the Act was not to fix the salary but to amend section 6702 which referred only to one feature of the salary. The effect of the holding was that a title which described the subject to be that part of the judge's salary payable by the state did not justify a change in that part of it payable by the county.

■ It is said that one of the purposes of expressing the subject of the act in the title is fairly to apprise the public of the subject of the legislation being considered so they may be heard on it. State ex rel. Bassett v. Nelson, 210 Ala. 663, 98 So. 715. It was held in that case that a general title to alter or rearrange the boundaries of the City of Decatur was not sufficient to include in the rearrangement the territory covered by the City of Albany, a city of some consequence. The general nature of the subject so expressed in the title ordinarily would be sufficient. Section 104(8), Constitution. But it was said in the Nelson case that the Act did more than rearrange the boundaries of the city. It dissolved one municipal corporation and consolidated its territory with that of another.

Appellant also relies on State ex rel. Harrington v. Randle, 250 Ala. 472, 35 So. 2d 84, as authority supporting his contention. The holding there was that a title to an act purporting to amend a state-wide law (a Code section) would not cause a legislator to expect that it contained the repeal of a special and local law, although it purported in its body to repeal all local, special or general laws in conflict. There was no indication in the title that it would repeal such a law.

■ We have considered the cases cited by appellant in this connection, but we cannot agree that they support the claim that the title here involved is misleading in its tendency or invalid as to its operation. We also think that a title stating that its subject is to fix the salary of circuit judges includes the manner of its payment and by whom it is to be paid. Kendrick v. Boyd, supra.

It will be observed by reference to the title of acts fixing the salary of judges of the circuit court, there has been no distinct pattern in respect to the question here involved. Sometimes the title referred to the contribution to be made by the county, provided for in the act as a part of the salary (Act of August 16, 1923 [General Acts 1923, page 125]; Act of September 26, 1923 [General Acts 1923, page 552]), and sometimes the title did not (Act of July 29, 1907 [General Acts 1907, page 514], applicable to Mobile; Act of September 29, 1919 [General Acts 1919, page 691], which is the pattern used for the Act of September 11, 1951). That is undoubtedly a feature of the judge's salary, and we think it is germane to such a title,

**324**

is not deceptive in that respect, and that the title does not offend section 45 of the Constitution by including that feature in it.

The judgment of the circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, Section 32, Code, and was adopted by the Court as its opinion.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and GOODWYN, JJ., concur.

MERRILL, J., not sitting.