*238 To the Honorable Speaker and Members of
The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of House Resolution 305, which reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 865 _
“Does H.B. 865, which provides (1) for salaries and allowances of certain officers of Madison County, and (2) which provides for certain of said offices to be full-time, even though item (2) is not reflected in the title of the said H.B. 865, conflict with Section 45 of the 1901 Constitution which states in pertinent part:
“... Each law shall contain but one subject, which shall be clearly expressed in its title.... ?”
We answer your question in the negative.
Section 45 of the Constitution of 1901 should be liberally and reasonably construed to permit the legislature to operate without undue strictures on its prerogatives. It should not be exactingly enforced to cripple legislation. Knight v. West Alabama Environmental Improvement Authority, 287 Ala. 15, 246 So.2d 903 (1971). Its purpose is to prevent fraud and surprise on the legislature by prohibiting measures in a bill not reflected in its title. Opinion of the Justices, 294 Ala. 571, 319 So.2d 699 (1975). This purpose is served so long as the subject matter included in the bill is germane to, cognate with, or complementary to the idea expressed in the title. City of Birmingham v. Merchants Cigar and Candy Co., 235 Ala. 204, 178 So. 220 (1938).
In Grayson v. Stone, 259 Ala. 320, 66 So.2d 438 (1953), the Court held that an act which stated in its title that its subject was to fix the salary of circuit judges and which also dealt with contributions by the county to such salary did not violate Section 45. That case is persuasive here.
H.B. 865, the title of which provides for salary and allowances for certain officers of Madison County and the provisions of which also describe certain of those officers as full-time officers of the county, is not offensive .to Section 45.
Respectfully submitted,
C.C. Torbert, Jr. Chief Justice
Hugh Maddox
Janie L. Shores
Sam A. Beatty
Oscar W. Adams, Jr. Justices