168 So. 206

## O'ROURKE v. CITY OF BIRMINGHAM.

### 6 Div. 877.

Court of Appeals of Alabama.

Feb. 18, 1936.

Rehearing Denied March 17, 1936.

Robert F. Proctor, of Birmingham, for appellant.

W. J. Wynn and John S. Foster, both of Birmingham, for appellee.

BRICKEN, Presiding Judge.

On appeal from the recorder's court of the city of Birmingham to the circuit court, this appellant was tried for the violation of section 3448 of the Code of Alabama 1923. The complaint in the circuit court consisted of two counts, and reads as follows:

"Count One. Comes the City of Birmingham, Alabama, a municipal corporation and complains that John M. O'Rourke prior to, and within twelve months prior to the beginning of this prosecution, and within the City of Birmingham, Alabama, did without a just cause or legal excuse therefor, go near to or loiter about the premises or place of business, namely a motion picture theatre, of the Ritz Theatre, a corporation, which said motion picture was then and there being lawfully operated by said Ritz Theatre, and said conduct of said John M. O'Rourke was done for the purpose of or with the intent of influencing or inducing other persons not to trade with, or to have business dealings with, or to be employed by said Ritz Theatre. The City of Birmingham further complains that the said John M. O'Rourke at the time of going near to or loitering about said motion picture theater walking backwards and forwards along the sidewalk immediately in front of said motion picture theater with a large sign or placard hoisted above his head which read as follows: 'The Ritz Theatre does not employ union men affiliated with the America Federation of Labor,' and said sign was visible to persons walking along the street near said motion picture theater.

"Count Two. Comes the City of Birmingham, a municipal corporation, and complains that John M. O'Rourke, prior to, and within twelve months prior to the beginning of this prosecution, and with the City of Birmingham, Alabama, did picket the place of business, namely a motion picture theater, of the Ritz Theatre, a corporation, for the purpose of hindering, delaying, or interfering with or injuring said motion picture theatre business and the said Ritz Theatre, a corporation, in the promotion and operation of said motion picture theatre business. The said

motion picture theatre business was a lawful business or enterprise."

To the foregoing complaint the defendant interposed demurrers based upon numerous grounds. However, in brief for appellant it appears that the material insistence of error relied upon is, as stated therein: "First: The constitutionality of chapter 91 (including section 3448) of the Code of Alabama 1923; and second: The constitutionality of the application of Statute (section 3448, chapter 91 of Code of Alabama 1923) to the given facts." In other words, the demurrers insisted upon present the question of whether or not the statute involved is a constitutional exercise of power by the Legislature of Alabama and which in its application does deprive the accused of his constitutional rights, privileges, powers, and immunities.

The pertinent provisions of the statutory law involved in the present cause are section 3448 and section 3455 of the Code of Alabama 1923, which read as follows:

"3448. *Loitering or Picketing Forbidden.*—Any person or persons, who, without a just cause or legal excuse therefor, go near to or loiter about the premises or place of business of any other person, firm, corporation, or association of people, engaged in a lawful business, for the purpose, or with intent of influencing, or inducing other persons not to trade with, buy from, sell to, have business dealings with, or be employed by such persons, firm, corporation, or association, or who picket the works or place of business of such other persons, firms, corporations, or associations of persons, for the purpose of hindering, delaying, or interfering with or injuring any lawful business or enterprise of another, shall be guilty of a misdemeanor; but nothing herein shall prevent any person from soliciting trade or business for a competitive business."

"3455. *Penalty for Violating Provisions of Chapter.*—Any person, firm, corporation, or association of persons violating any of the preceding sections or provisions of this chapter, must, on conviction, be punished by a fine of not less than one hundred dollars, nor more than one thousand dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months for the first conviction, at the discretion of the court or judge trying the case; and on the second and every subsequent conviction, in addition to the fine

which may be imposed, the convicted party must be sentenced to hard labor for not less than three months nor more than six months, to be fixed by the judge or court trying the case."

The above sections of the Code of Alabama 1923, are a part of chapter 91 of said Code (sections 3447–3455), and were enacted into law by an act of the legislative body of Alabama in 1921 (Laws 1921, p. 31), which said act was entitled: "An Act To amend and revise Chapter 176 of the Code [1907] which Chapter is entitled 'Boycotting and Blacklisting.'" Subsequently the act was incorporated into and made a part of the Code of Alabama of 1923, and same appears therein as chapter 91. The validity of the whole of chapter 91 is now questioned.

The demurrers to the complaint were overruled, whereupon the cause was submitted to the court for decision upon the following agreed statement of facts, to wit:

"It is agreed by and between the City of Birmingham and the defendant, John O'Rourke, that the following facts are true and that the court shall render its judgment as to the guilt or innocence of the defendant accordingly, as should properly be done under the agreed facts set forth below:

"The Ritz Theatre is a corporation engaged in the business of operating a motion picture theatre at which the public was generally invited to attend for an admission price, and was so engaged in said business in a building located on Second Avenue, North, between 17th and 18th Streets in the City of Birmingham, Alabama, on Sept. 25, 1934. On said day and at and during the times of the matters and things recited in this agreed statement of facts, said motion picture theatre was in operation, and customers were entering said theatre, and said theatre was open for the reception of customers. On said day, and while said picture show was in operation, the defendant walked back and forth along the sidewalk (a part of the public street in said City) immediately in front of said theatre with a large sign or placard hoisted on a staff above his head which read as follows:

"'The Ritz Theatre does not employ union men affiliated with the American Federation of Labor.'

"Defendant spoke to no person, simply walking slowly and peacefully back and forth along the sidewalk immediately in front of said theatre with said sign or placard being exhibited so as to be visible to persons walking along the street near said theatre and was so conducting himself when he was arrested. At the time that the above matters transpired, there was a labor dispute in existence as said theatre had locked out union employees (stage hands) and said Ritz Theatre had just previously thereto refused to work stage hands who were members of any union affiliated with the American Federation of Labor, and at the time was working men who were not regularly employed as stage hands, in the work ordinarily being done by stage hands in violation of the National Industrial Recovery Act. At the times above referred to, the Ritz Theatre was not working any person holding membership in any union affiliated with the American Federation of Labor. The purpose of the defendant's conduct, as above described, was to advise customers of said theatre and prospective customers of said theatre, of the relationship existing between the Ritz Theatre and its employees, and to influence such customers and prospective customers not to patronize said theatre on account of said theatre's failure and refusal to employ persons who were members of Labor unions affiliated with the American Federation of Labor.

"All of the above matters and things occurred within the City of Birmingham, Alabama, prior to and within 12 months prior to the commencement of the prosecution in this case."

The court adjudged the defendant guilty and pronounced and entered judgment accordingly.

As stated, the controlling question on this appeal is the validity of the statutes above quoted; it being the insistence of the appellant that these statutes, in fact the entire chapter 91 of the Code 1923, are unconstitutional, and that the conviction of this appellant thereunder cannot stand.

We have read carefully and attentively and with interest the elaborate and exhaustive briefs of respective counsel in this case, and commend them for their earnestness and untiring efforts. The province of this court is limited with reference to constitutional questions. Sections 7322 of

the Code 1923 (superseding section 7310 of the Code 1923) provides, before the Court of Appeals should strike down any statute, federal or state, not previously nullified by the Supreme Court, the question involving the validity of same must be submitted to the Supreme Court for determination; the result shall be transmitted to the Court of Appeals, which said court shall be controlled in its decision by the determination of the Supreme Court. This statute also provides when a statute has been assailed upon constitutional grounds in the Court of Appeals, and is upheld by this court, the aggrieved party may review the rulings of this court in this particular by writ of error, etc. In view of the foregoing provisions, we will refrain from an extended discussion of the conclusion here entertained to the effect that the insistences of appellant to the effect that chapter 91 of the Code 1923 is unconstitutional are not well taken and cannot be sustained. So far as we are able to ascertain, the statutes in question are valid enactments and the provisions of the statutes in question in no manner offend the Constitution of this state. This is our conclusion after a careful and attentive consideration of the questions, in all of their phases, has been accorded. Moreover, it appears that the Supreme Court of this state has directly held this in the case of Hardie-Tynes Mfg. Co. v. Cruise et al., 189 Ala. 66, 66 So. 657, 660. In said case, Mr. Justice Somerville, speaking for the court, said: "The English and American courts have, we believe, without exception, held that the right to conduct one's business, without the wrongful and injurious interference of others, is a valuable property right which will be protected, if necessary, by the injunctive processes of equity."

And further in the opinion, supra, the court said: "No intimation is offered as to what provision of the Constitution is thereby offended, and we can think of none. Certain it is that a right to actively and directly interfere with and prevent the operation of the lawful business of another is not included among the inalienable rights of 'life, liberty, and the pursuit of happiness.' The 'liberty' guaranteed by the Constitution (article 1, § 1) is liberty regulated by law and the social compact; and in order that all men may enjoy liberty it is but the tritest truism to say that every man must renounce unbridled license. So, wherever the natural rights of citizens would, if exercised without restraint, deprive other citizens of rights which are also and equally natural, such assumed rights must yield to the regulations of municipal law. If one man asserts the constitutional right of preventing another from the pursuit of a lawful business, what is to become of the undoubted constitutional right of that other to pursue his business unmolested? It is clear that this notion of liberty utterly ignores 'the other fellow,' and denies to him the very freedom it is claiming for itself."

Other cases of like import could be cited, but, for the reasons hereinabove stated, we refrain from prolonging this opinion.

We find no error in the points of decision presented. It follows that the judgment of the lower court from which this appeal was taken must be, and is, affirmed.

Affirmed.

## On Rehearing.

On application for rehearing, able counsel for appellant earnestly insist we extend our opinion in this case in the manner hereinafter discussed. This court, having no inclination to deprive the appellant of any legal right or to retard in any manner his full right of review of every pertinent question involved, therefore grants the request aforesaid and holds directly that which has already, in said opinion, been impliedly held, from the authorities cited, by which we are governed and controlled, that in overruling the demurrers to the complaint in this cause, and the application of the provisions of chapter 91 of the Code of Alabama 1923, the trial court acted without error. We are of the opinion that the ruling complained of had no tendency to deprive the appellant of his rights, powers, privileges, and immunities as secured and guaranteed to him by the provisions of the Fourteenth Amendment to the Constitution of the United States.

Application overruled.