189 So. 913

### THORNHILL v. STATE.

### 6 Div. 334.

Court of Appeals of Alabama.

Jan. 17, 1939.

Rehearing Denied May 23, 1939.

James J. Mayfield, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Section 3448 of the Code of 1923 reads as follows: "Any person or persons, who, without a just cause or legal excuse therefor, go near to or loiter about the premises or place of business of any other person, firm, corporation, or association of people, engaged in a lawful business, for the purpose, or with intent of influencing, or inducing other persons not to trade with, buy from, sell to, have business dealings with, or be employed by such persons, firm, corporation, or association, or who picket the works or place of business of such other persons, firms, corporations, or associations of persons, for the purpose of hindering, delaying, or interfering with or injuring any lawful business or enterprise of another, shall be guilty of a misdemeanor; but nothing herein shall prevent any person from soliciting trade or business for a competitive business."

Appellant was convicted of the offense denounced by the above Code section.

It seems clear enough that the evidence adduced upon the trial was sufficient to bring appellant's actions, for which he was being prosecuted, within the purview of the prohibition implied in said Statute.

So, as conceded by able counsel here representing appellant, "the only question involved in this appeal is the constitutionality vel non of Section 3448 of the Code of Alabama of 1923."

And, as further conceded by the said counsel, this exact question has been heretofore decided both by this Court and the Supreme Court—this Court of course merely following the decision by the Supreme Court, as it was required to do (Code 1923, Sec. 7318)—adversely to the contentions here urged against the validity of said Statute. See O'Rourke v. City of Birmingham, 27 Ala.App. 133, 168 So. 206, certiorari denied 232 Ala. 355, 168 So. 209; and Hardie-Tynes Mfg. Co. v. Cruise et al., 189 Ala. 66, 66 So. 657.

---

[1] Ante, p. 524.

It results, there is nothing for us to do but affirm the judgment of conviction. Code Sec. 7318, supra.

Which we hereby do.

Affirmed.