# Roden v. Griffin.

### Mandamus.

(Decided January 14, 1913. 60 South. 925.)

1. *Statutes; Titles; Scope.*—Acts 1900-01, p. 1342 is not violative of section 45, Constitution, 1901.

2. *Solicitors; Fees; Repeal of Statute.*—Acts 1900-01, p. 1342, repealed section 7803, Code, 1907, in so far as it required the deputy solicitor of Cullman county to retain for his services rendered in the county court, fees not to exceed $500.00, and to pay the balance into the county treasury; hence such solicitor was entitled to retain all the fees collected for state cases prosecuted by him in the county court at the same rate as provided for .similar services in the circuit court.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Petition for mandamus by S. J. Griffin against O. S. Roden, to compel Roden to pay to him certain fees earned in the prosecution of criminal cases in the county court of Cullman county. From a judgment granting the writ the defendant appeals. Affirmed.

ROBERT C. BRICKELL, Attorney General and EYSTER & EYSTER, for appellant. Construing the act, section 9, with the provisions of section 7803, Code 1907, it appears that the act did not have the effect to repeal the Code section and hence the fees must be collected and paid as required by the section of the Code. Petitioner's claim must be construed most strongly against him.—2 Mayf. 898-901. To give the act the construction contended for by the deputy solicitor would render it violative of section 2, article 4, Constitution 1875. —*Ex parte Pollard*, 40 Ala. 99; *State v. Sayre*, 118 Ala. 1; *A. G. S. v. Reid*, 124 Ala. 253.

F. E. St. John and A. A. Griffith, for appellee. The provisions of section 7803, Code 1907, so far as they relate to Cullman county are repealed by Acts 1900-01, page 1342. 2 A. & E. Ency. of Law, 649; *LeMay v. Walker*, 62 Ala. 4; *Scott v. Simmons,* 70 Ala. 353. See also 61 Ala. 244; 85 Ala. 490; 145 Ala. 112.

McCLELLAN, J.—Petition for mandamus to the judge of the Eighth judicial circuit to compel the appellant, the clerk of the circuit court of Cullman county and ex officio clerk of the county court thereof, to pay over to appellee, who is deputy solicitor of that county under appointment of the circuit solicitor (Code, § 7802), fees earned by the appellee in the prosecution of cases in the county court of Cullman. The theory on which the mandate prayed was granted is predicated of the statutory status to be stated.

In the act (Acts 1900-01, p. 1342) entitled "An act to confer additional jurisdiction upon the county court of Cullman county, Alabama, and to regulate the proceedings therein," it is provided, by section 9, as follows: "Sec. 9. Be it further enacted that the solicitor for Cullman county shall prosecute for the state all cases therein, and for so doing he shall receive the same fees as for similar services in the circuit court, to be collected and paid as now provided by law in the county court."

Code, § 7803, provides: "The deputy solicitor may collect and retain for his services the fees and commissions earned by him in the county court during the year, not to exceed five hundred dollars per annum; and the residue of such fees and commissions must be paid into the county treasury to the credit of the fine and forfeiture fund."

[Roden v. Griffin.]

For a great period in the state's history, a system of county courts has existed.—Code § 6696 et seq.; *State v. Burke,* 175 Ala. 561, 57 South. 870. Unaffected by special enactments, the jurisdiction of such courts is thus defined (Code, § 6700) : "The county courts have original jurisdiction, concurrent with the circuit and city courts, of all misdemeanors committed in their respective counties." The judges of probate are constituted the judges of such county courts.—Code, § 6696. No jury therefor is provided. The judge determines the law and the facts.—Code, § 6719. Upon demand of the accused for a jury trial, the prosecution is transferred to a court equipped to afford a trial by jury, to follow an appropriate indictment.—Code, § 6718. It is in this county court the deputy solicitor's services are particularly contemplated.—Code, § 7802. Under the system to which we have referred, there was no provision for the transfer of misdemeanor prosecutions from any circuit or city courts to the county court.

The special act, the title of which is quoted above, provided, to state it without undue particularity, that the Cullman circuit court should transfer all misdemeanor indictments to the Cullman county court for trial, thereupon giving the county court exclusive jurisdiction of misdemeanor prosecutions under indictments so ordered transferred; that the clerk of the circuit court should be ex officio clerk of the county court; that certain processes should be observed in the transaction of the business of the enlarged county court; that a trial by jury should be had therein, if demanded by the accused, and to that end provided for juries in the county court; that appeals might be taken directly to the Supreme Court, whereas, under the elder system, they could be taken to the circuit or city courts; that a special judge might be constituted if the presid-

ing judge of the county court was disqualified; that "the solicitor for Cullman county" should prosecute, etc., as section 9, before quoted, requires; that the court should have a term a month without juries, but two terms, beginning at fixed times, a year with juries; that the sheriff and clerk should have the same fees as for like services in the circuit court; and other matters touching the complete administration of such a tribunal.

The petitioner's contention is that section 9, quoted above, operated to repeal the limitation of $500 fixed in Code, § 7803, for the maximum compensation of the deputy solicitor of Cullman county. He insists that, under the act of March 1, 1901, the deputy solicitor's compensation, as measured by fees earned in the prosecution of misdemeanors in the county court, is without restriction in amount. Counsel for appellant raise this objection to such an interpretation of section 9 as would justify and sustain the petitioner's contention, that such an interpretation would render section 9 unconstitutional for a violation of section 45 of the organic law (Const. 1901), in which it is provided: "Each law shall contain but one subject which shall be clearly expressed in its title. * * *" It is clear, we think, that the title of the act of 1901, conferring additional jurisdiction upon the Cullman county court, and regulating the proceedings therein, comprehends and clearly expresses but a single subject, in the foreshadowing of which, in the title of the act, nothing is left to be desired.

"When the title of an act expresses but one general subject, and its provisions are allied to the subject expressed, or, as is usually said, germane or cognate to it, all the purposes of the limitation are satisfied. This is the real test in each particular case: When the title

expresses one general subject, however broad and comprehensive the subject may be, whether the act includes provisions which can by no fair intendment be considered as having connection or relation to the subject expressed."—*State v. Street* 117 Ala. 208, 23 South. 808; *A. G. S. R. Co. v. Reed,* 124 Ala. 256, 257, 27 South. 19, 82 Am. St. Rep. 166. In *Ex parte Pollard,* 40 Ala. 99, it is said: "The question must always be whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject. If we do, the law embraces a subject not described in the title. But this conclusion should never be attained, except by argument characterized by liberality of construction and freedom from all nice verbal criticism."

Since circuit prosecuting officers of the state were placed on a salary basis of compensation, the fees earned by them (Code, § 6634) "belong to the state, and, when collected, must be paid into the state treasury." —Code, § 7792. Such fees are taxed as cost upon conviction of the accused, and, if he is insolvent, they are "paid out of the fines and forfeitures in the county treasury."—Code, § 6634.

Under the ordinary county court system, the fees and commissions earned by the deputy solicitor are taxed as cost. When the act of 1901, effected to enlarge, as indicated, the jurisdiction of the Cullman county court, the provisions of law for taxing as cost the earned fees in that court were applicable to it. If this were otherwise a matter of doubt, we think section 9 of the act renders certain the conclusion stated. We have made this, perhaps too ample, reference to the established law of solicitors' fees and commissions in order to make clear the basis for our conclusion that the provisions of section 9, whatever their meaning and effect, are comprehended by the title, above quoted, of the act of 1901.

The dominant, comprehensive words in that title are "jurisdiction and proceedings." The former, as there employed, foreshadowed a legislative purpose to enlarge the functions and powers of that court; and the latter denoted, as respects court matters, the correlative purpose to treat, in the act, of those processes, modes, or methods by which the judicial action, under the amplified jurisdiction, would be governed or directed or effected.

The taxation of costs, and its disposition generally, are matters of immediate connection with and relation to judicial proceedings; and in this instance, where earned solicitor's fees and commissions are items of taxable cost in successful prosecutions of the character specified in the act, the relation of such fees and commissions to the proceedings, to conduct which the court is empowered, is particularly intimate and necessarily connected. On this ground, we hold that section 9 is not without the purview of the title of the act.

We come now to the construction of the act with reference to the petitioner's stated contention. When it is considered that the labors of the deputy solicitor (and to him must the act be taken as referring, else it is, in that particular, a nullity) were greatly, very greatly, enlarged, and their importance enhanced by the enlargement of the jurisdiction of the Cullman county court and of the command to him that he "prosecute for the state all cases therein," a potent factor is presented in favor of the petitioner's view. Given this condition, which the act itself creates, it is clear, we think, that section 9 contemplated and provided for the enhancement of the compensation pari passu with the successful service that officer should render in the enforcement of the criminal laws of minor grade. Indeed, the section, in its last two clauses, divides the subject of com-

pensation into two parts. The first, viz., "for so doing he shall receive the same fees as for similar services in the circuit court," fixed his compensation. The second, viz., "to be collected and paid as now provided by law in the county court," defines the method whereby his already fixed compensation shall be collected and paid. The reference to the county court, in the last clause, defining the method only, obviously did not bring forward the limitation upon the amount the deputy solicitor may receive in the public service in the ordinary county court. It is not reasonably to be supposed that the Legislature intended to greatly enlarge the deputy solicitor's duties, and in imperative terms exact of him their performance, and still restrict his compensation to that stipulated for a greatly less service. The lawmakers did not so provide. The courts will not read in that which they have so significantly omitted.

The order and judgment appealed from are affirmed. Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

