(88 South. 18)

### BOARD OF REVENUE OF JEFFERSON COUNTY v. CITY OF BIRMINGHAM.
(6 Div. 154.)

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

1. Highways ⬥130—Board of revenue of Jefferson county could only pay one-half of road tax to city of Birmingham.

Despite act of February 19, 1887 (Laws 1886–87, p. 847), particularly section 6, and act of March 3, 1903 (Terry's Local Laws of Jefferson County, p. 626), under Gen. Acts 1884–85, p. 709, and Acts Sp. Sess. 1909, p. 304, as to one-half of the road tax collected on property in the city of Birmingham under the act of 1885, the board of revenue of Jefferson county was without discretion, control, or right of disposal thereof, and could only pay it over to the city as prescribed by the act of 1909.

2. Mandamus ⬥100—Proper remedy for city against board of revenue relative to disposition of road taxes.

Where, under Gen. Acts 1884–85, p. 709, and Acts Sp. Sess. 1909, p. 304, as to one-half of a road tax collected under the act of 1885 on property in the city of Birmingham, the

board of revenue of Jefferson county was without discretion or right of disposal, but could only pay it over to the city as prescribed by the act of 1909, mandamus is the city's proper remedy to compel the board so to do.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Petition by the City of Birmingham for mandamus to compel the Board of Revenue of Jefferson County to rescind, revoke, and annul a resolution of the Board striking from the tax levy the words, "for maintenance and construction of public roads under act approved February 17, 1885," and substituting therefor, "for the payment and retirement of fifty thousand dollars, second series, road improvement bonds of Jefferson county." From a decree granting the writ, respondent appeals. Affirmed.

The petition shows that at a meeting of the board of revenue on February 27, 1920, said board made an order levying taxes for county purposes, among which levies was one of 10 cents on the $100 for the maintenance and construction of public roads under act approved February 17, 1885 (Laws 1884-85, p. 709) ; and at a subsequent meeting of said board, held on June 18, 1920, the board attempted to amend said tax levy made February 27, 1920, by striking out the item of said levy providing—

"for the maintenance and construction of public roads under act approved February 17, 1885, one mill on the dollar, and by adopting in lieu of said item, the following: For the payment and retirement of $50,000 of Jefferson county second series road improvement bonds, maturing July 15, 1920, * * * and for the purpose of redeeming $100,000 of the third series of six per cent. s. a. road improvement bonds for the county payable October 1, 1920—one mill on the dollar being ten cents on the hundred dollars of taxable values of the county for the current year."

Copies of the order and of the amendment thereto were ordered to be served on the tax assessor, collector, and treasurer of the county.

Petitioner alleged that it was the legal duty of the board of revenue to levy a tax of 10 cents on the $100 for the maintenance of public roads, according to the act of February 17, 1885, and that it was also the legal duty of the board of revenue, under the provisions of the act approved August 26, 1909 (Gen. & Local Acts Special Session 1909, p. 304), to pay over to the city of Birmingham one-half of the money collected on such road tax on the property located in such municipality; and that the order of June 18th, directing the levy and proceeds otherwise than as required by these two acts, was unauthorized. Petitioner prayed for a peremptory writ of mandamus or other appropriate writ to issue to the said board of revenue and the several members thereof, requiring them, by

205 ALA.—21

appropriate proceedings, to annul the resolution of June 18, 1920, and give notice of such annulment to the tax collector, assessor, and treasurer of the county.

The answer denied that the act of 1885 was mandatory, and set up that it was discretionary on the part of the board, and, further, that the order of June 18th was justified by the act of February 9, 1887 (Laws 1886-87, p. 847), authorizing the issuance of $200,000 bonds for public road purposes, and section 6 of said act, authorizing the setting aside of the special tax authorized under section 1 of the act of 1885, or so much thereof as may be necessary for the payment of interest on said bonds; and that it was the duty of respondent to amend the levy so as to provide for the payment of said road bonds; and, further, that under the act of March 3, 1903 (Terry's Local Laws of Jefferson County, p. 626), a general control or supervision of the working and maintenance of the public roads was vested in the board of revenue of said county, and the provisions of sections 4 and 11 of said act, which said sections operated as amendatory of the act of 1885 so as to leave the said act of 1885 discretionary with the board of revenue. The answer further insisted that the act of 1885 was not mandatory. Reference is also made to section 3 of the act of February 28, 1901.

The cause was tried as to the proof upon an agreed statement of facts.

W. K. Terry, of Birmingham, and J. J. Mayfield, of Montgomery, for appellant.

Since 1915, the board of revenue of Jefferson county has been given original and unlimited power as to public highways, except as limited by Constitution and statutory provision. Acts 1915, p. 573; 166 Ala. 109. The board of revenue has the power, under the law as it existed in 1919, to appropriate any money subject to their disposal for road purposes for the maintenance, repair, and upkeep of ordinary rural roads or streets in the municipality. Authorities supra. Acts 1909, p. 304, is not applicable to road taxes in Jefferson county, since the adoption of the act of 1915. In collecting and distributing the revenues of a county, the board of revenue acts in a legislative capacity, and cannot be controlled by the courts. 58 Ala. 546; 65 Ala. 391; 166 Ala. 105, 52 South. 147; 151 Ala. 572, 44 South. 465; 7 R. C. L. 940 and 942. The mandamus should have been denied for want of funds with which to comply. 18 R. C. L. 138 and 139; 135 Ala. 409, 33 South. 168; 143 Ala. 556, 39 South. 214, 5 Ann. Cas. 625; 155 Ala. 226, 46 South. 766.

Fred G. Moore and Walter Brower, both of Birmingham, for appellee.

It is the clear legal duty of appellant to pay the money demanded. Acts 1909 (Sp.

Sess.) p. 303; Acts 1885, p. 709. Mandamus will lie to compel it to do so. 180 Ala. 479, 61 South. 431. The act of 1909 is constitutional. 172 Ala. 138, 54 South. 757; 180 Ala. 479, 61 South. 431. The fact that the fund has been expended or is not available is not sufficient answer. 84 Cal. 12, 23 Pac. 1092, 18 Am. St. Rep. 158; 3 Idaho (Hasb.) 3, 25 Pac. 1092; 75 N. Y. 38; 58 Ill. 90; 72 Ill. 578; 225 Mass. 500, 114 N. E. 732; 35 Ohio St. 435.

GARDNER, J. In the case of Board of Revenue v. City of Birmingham, 88 South. 16 (this day decided), it was held that the act of February 17, 1885 (Gen. Acts 1884–85, p. 709), was mandatory, and therefore required the board of revenue of Jefferson county to levy a special tax therein named for the purposes stated. It further held that section 2 of the act approved August 26, 1909 (Gen. & Local Acts, Special Session 1909, p. 304), was mandatory, and required the board of revenue to pay over to the city of Birmingham one-half of the money collected on the special road tax embraced in the special levy required by the act of 1885 on the property located in such municipality.

[1] The opinion in that case deals with the act of 1887 and other acts relied upon by the board of revenue as justifying the amended levy made in the instant case, and the holding there is decisive of this appeal. The result of the holding in that case is that as to one-half of said tax, so collected, the board of revenue was without discretion, control, or right of disposal thereof, but could only pay it over to the municipality as prescribed by law.

It therefore follows that under this construction of these acts the board of revenue was without authority to so amend the tax levy as to deprive the city of Birmingham of its portion of said special tax, and that the order of June 18th, which would have this effect, was unauthorized, and should be annulled.

[2] We think therefore mandamus is the proper remedy, and that the trial court correctly ruled. The judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

On Rehearing.

GARDNER, J. Application for rehearing overruled.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.