51 So.2d 694

KENDRICK et al. v. BOYD.

6 Div. 129.

Supreme Court of Alabama.

Jan. 18, 1951.

Maurice F. Bishop and Johns S. Foster, of Birmingham, for appellants.

Gibson & Hewitt, of Birmingham, for appellees.

Embry & Embry, of Pell City, amicus curiae.

SIMPSON, Justice.

Act No. 424, General Acts of Alabama, Regular Session 1949, p. 601, is sought to be brought under review by this court as violative of § 45 of the Constitution of 1901, by a transfer of the cause from the Court of Appeals under the purported authority of § 87, Title 13, Code 1940.

The question of jurisdiction between this court and the Court of Appeals as to the final disposition of the cause is to be first considered, since there are other questions up for decision in addition to the constitutional question and the customary method of procedure in such cases has been under § 98 of said Title 13. Goolsby v. State, 213 Ala. 351, 104 So. 901.

The section under which the Court of Appeals transferred the case to this court, now § 87, was embodied in the original act creating that court. By this section it would seem that the Court of Appeals would be inhibited from deciding any case in which the validity of a statute of the state or of the United States is involved. Subsequently to the passage of this act, however, the later provision was adopted which is now § 98, which authorizes the Court of Appeals to write to constitutional questions involved in cases submitted to that court, if the statute under consideration "is upheld by said court," but provides that "before the court of appeals should strike down any statute, federal or state, not previously nullified by the supreme court, the question involving the validity of same must be submitted to the supreme court for determination," etc.

This latter section is the one under which the Court of Appeals has customarily been operating. Indeed, the Court of Appeals indicated in O'Rourke v. City of Birmingham, 27 Ala.App. 133, 136, 168 So. 206, that the original section (now § 87) was superseded by the latter section (now) 98. Since the two sections are directly conflictory and said § 87 would necessarily detract from the traditional jurisdiction heretofore exercised by the Court of Appeals, it appears that there is no field of operation for said § 87 and we hold it to be no longer operative.

We will assume, however, so as not to be in the attitude of avoiding our own duty in the premises, that the Court of Appeals thought Act 424 to have been violative of § 45 of the Constitution, and will so treat the transfer of the cause and as a certification under § 98.

We will limit consideration, therefore, to that specific question involved, viz., whether or not the aforesaid statute violates that provision of § 45 which provides that "Each law shall contain but one subject, which shall be clearly expressed in its title." We hold that it does not.

The act under review is a rewrite of the absentee ballot law of Alabama, its title being an act "To provide for absentee voting in primary, general, special, and municipal elections: Prescribing penalties for violations of the Act and repealing conflicting laws." The act designates the register in chancery of each county in which an election is held (or other person designated to serve in his stead if the register be disqualified) as the official, agent or person to superintend and manage the absentee balloting. Section 17 provides for pay for services under the act and the specific challenge is that § 45 is violated by failure of the title to make reference to such.

■ To be sure, the question posed could be a somewhat debatable one were we to enforce with hypercritical exactness the said constitutional prescription; but the rule is to the contrary. The court is committed to the principle that this requirement of the Constitution is "not to be exactingly enforced or in such manner as to cripple legislation," but should be accorded a liberal interpretation. Johnson v. Robinson, 238 Ala. 568, 192 So. 412; Ballentyne v. Wickersham, 75 Ala. 533.

■ Speaking to the general theme of liberality of construction and the avoidance of hypercritical criticism as regards the title of an act, the following observation from Ex parte Pollard, 40 Ala. 77, was approved in the case of Roden v. Griffin, 179 Ala. 633, 637, 60 So. 925, 926, which bears on the proposition: " * * * 'The question must always be whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject. If we do, the law embraces a subject not described in the title. But this conclusion should never be attained, except by argument characterized by liberality of construction, and freedom from all nice verbal criticism.' "

■ Then, too, the question of the unconstitutionality of an act must be more than fairly debatable before the court is authorized to strike it down. To strike an act down, the court must be convinced of its unconstitutionality beyond a reasonable doubt. 6 Alabama Digest, Constitutional Law, ⚡48.

■ Keeping in mind these well-known canons of construction, we think it clear the challenge to the act is untenable. The constitutional requirement that the subject of the act be clearly expressed in its title is held to be satisfied if the title sufficiently discloses the subject of the act so as to apprise the legislature and the public of the matter to be dealt with. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487; State ex rel. Harrington v. Randle, 250 Ala. 472, 35 So.2d 84; Fuqua v. City of Mobile, 219 Ala. 1, 121 So. 696.

■ In line with this premise, the law has become established that when there is a fair expression of the general subject of the act in its title, all matters reasonably related to it, including all necessary agencies or instrumentalities which should facilitate the act's execution, are proper to be included as being cognate and germane to the title. We had occasion to deal with

this specific question at some length in Newton v. City of Tuscaloosa, supra, and with reference thereto pointed out, *inter alia,* (1) the liberal interpretation rule to be accorded this constitutional mandate; (2) that the subject of the act may be expressed in general terms and when so, everything subsumed under the general thought to make it a complete act, if cognate and germane thereto, is regarded as included in and authorized by it; (3) generality or comprehensiveness of the subject of the act is not a violation of the constitutional provision requiring that an act shall contain but one subject, which shall be clearly expressed in the title, a broad comprehensive subject justifying the inclusion of any matter except that which is incongruous or unconnected with the subject, provided the title is not uncertain or misleading; .(4) the title of an act need not be an index to it, nor need it catalogue all powers intended to be bestowed.

A good statement of the applicable rule is also to be found in Dearborn v. Johnson, 234 Ala. 84, 88, 173 So. 864, 867, where the court, speaking through Justice Gardner, observed: " * * * When the subject is expressed in general terms everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. * * *"

Other cases, among many which could be cited of like import, are State ex rel. Harrington v. Randle, supra; Woco-Pep Co. v. Butler, 225 Ala. 256, 142 So. 509; Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879; Lindsay v. United States Savings & Loan Co., 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Ballentyne v. Wickersham, supra.

It is reasonably plain that every section, clause and paragraph of Act 424, including said § 17, is cognate and germane to the general subject expressed in the title, viz., "absentee voting," and we think the title sufficiently clear to apprise the legislature and the public of the matter therein to be dealt with. Section 17, like the other provisions of the act, deals specifically with that subject. It must be conceded that somewhere in the act the duty and responsibility of executing it must be placed upon some individual, board or official. The title naturally suggests this and anyone interested or concerned would naturally look to the body of the act to ascertain the method to be pursued and if so, would find that the person so designated was the register. A concomitant of this thought is, of course, that since the duties under the act would require the time and labor of the person so designated, and since the duties imposed on the register are new, additional, and foreign to those of his office, the legislature might be expected to provide compensation for such services, and it was but proper that the act did so provide. That is all there is to § 17 and we cannot hold to the view that it runs afoul of the stated constitutional mandate. Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Roden v. Griffin, supra; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112, and cases cited.

Let this opinion be certified to the Court of Appeals.

Affirmed as to the constitutional question involved and retransferred to the Court of Appeals for further consideration and final disposition of the cause.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.