275 So.2d 369

Gary Leon POWERS

v.

STATE.

I Div. 353.

Court of Criminal Appeals of Alabama.

March 13, 1973.

 

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

## PER CURIAM.

A jury of Baldwin County convicted appellant of possessing marihuana in violation of law. The trial court, after due and proper allocution, fixed his punishment at imprisonment in the penitentiary for a period of three years. The record does not indicate that defendant's counsel was present when sentence was pronounced. Judgment and appeal therefrom followed.

The indictment of defendant reads as follows:

"The Grand Jury of said County charge that before finding this indictment Gary Leon Powers did unlawfully possess marihuana, one of the controlled substances enumerated in Section 204 (Schedule 1) (d), as set out in the Uniform Alabama Controlled Substances Act, against the peace and dignity of the State of Alabama."

Defendant in the trial court moved to dismiss the indictment for that the Uniform Controlled Substance Act violated Article 4, § 45, of the Alabama Constitution of 1901. The contention is that the

J. D. Quinlivan, Jr., Mobile, for appellant.

Act contains more than one subject contrary to an excerpt of § 45, which provides that ". . . each law shall contain but one subject, which shall be clearly expressed in its title . . . ."

The Act in question, Act. No. 1407, Vol. III, p. 2378, General Acts, 1971, has a title which reads:

"To provide a Uniform Alabama Controlled Substances Act for preventing drug abuse and drug dependence, to standardize all laws in this state to be in conformity with the new Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, and to repeal existing state statutes in conflict."

The purpose of the law, as stated in the title, supra, is to prevent drug abuse and drug dependence. The five Articles of the Act, and the many provisions and sections thereof, are all related and designed to prevent drug abuse and drug dependence, the subject, supra, of the title and legislation. They conform to the pronouncements in Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694, wherein the Supreme Court quoted with approval from Dearborn v. Johnson, 234 Ala. 84, 88, 173 So. 864, 867, wherein the eminent Justice Gardner, speaking for the Court, said:

". . . When the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. . . ."

The Supreme Court also observed in Kendrick v. Boyd, supra, as follows:

"To be sure, the question posed could be a somewhat debatable one were we to enforce with hypercritical exactness the said constitutional prescription; but the rule is to the contrary. The court is committed to the principle that this requirement of the Constitution is 'not to be exactly enforced or in such manner as to cripple legislation,' but should be accorded a liberal interpretation. Johnson v. Robinson, 238 Ala. 568, 192 So. 412; Ballentyne v. Wickersham, 75 Ala. 533.

"Speaking to the general theme of liberality of construction and the avoidance of hypercritical criticism as regards the title of an act, the following observation from Ex parte Pollard, 40 Ala. 77, was approved in the case of Roden v. Griffin, 179 Ala. 633, 637, 60 So. 925, 926, which bears on the proposition: '. . . "The question must always be whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject. If we do, the law embraces a subject not described in the title. But this conclusion should never be attained, except by argument characterized by liberality of construction, and freedom from all nice verbal criticism." ' "

We hold that the Act does not violate § 45, supra; also that none of the grounds for dismissal has any merit. There was no error in overruling the motion to dismiss.

The ruling of the trial court in overruling the demurrer to the indictment was likewise correct. We will review the indictment later in this opinion.

Defendant's motion to suppress the evidence obtained by the officer; namely, the marihuana; was properly overruled. As we will observe, the seizure of the marihuana was lawful.

It appears that the deputy sheriff stopped the motor truck defendant was driving because the tail light on the motor vehicle was not burning or illuminated. Such operation of the vehicle violated Tit. 36, § 40(c)(2)(3), Recompiled Code, supra. Tit. 36, § 51, Code, supra, prescribes the penalty for such violation.

The officer testified on cross-examination that after he stopped the truck, he shined his flashlight beam on the front

seat where defendant had been sitting and observed "a small matchbox partially open —open enough so I could see the grassy substance."

The officer thereupon took possession of the matchbox and its contents.

The officer had testified on direct examination as follows:

"All right—And I told him to hand the driver's license to my partner and I shined the flash light around and I saw a small match box opened so far, indicating, and I saw some green substance, and I reached and picket it up and sniffed it and I said: 'What is it' and he didn't say, and I said: 'You are under arrest for possession of controlled substance, namely, Marijuana' and I advised him of his Constitutional rights and put him in the car."

 With the aid of the flashlight beam, the matchbox and its contents were in full view. "A mere observation of that which is in full view is not a search, and testimony concerning such objects is not inadmissible as an illegal search or seizure." Segers v. State, 283 Ala. 694, 220 So.2d 882(2, 4). The use of the searchlight did not affect the legality of the seizure. United States v. Williams, (5th Circuit, 1969) 416 F.2d 4(3).

The trial court overruled defendant's motion to require the State of Alabama "to produce any compound, chemical, substance or article of physical evidence which the state expects to use as evidence in the case for examination and chemical analysis by defendant."

In Jackson v. State, Miss., 243 So.2d 396, the Supreme Court of Mississippi, in a case against the movant for unlawful possession of marihuana, with respect to a motion similar to the one, supra, observed as follows:

"The guilt or innocence, prison sentence or acquittal, of the defendant de-

pends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and, in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires. upon the court's attention being directed thereto by motion, that the analysis of the substance not be left totally within the province of the state chemist. The defendant having made proper and timely motion for a portion of the substance, it should have been made available to his attorney, as an officer of the court, and under such safeguards as the trial court deemed necessary, for inspection and analysis. We hasten to add that this opinion is limited to the alleged possession or sale of a prohibited substance where the outcome of the case is dependent upon its identification as contraband. We conclude, therefore, that the lower court erred in not sustaining the defendant's motion for a portion of the seized substance."

 The motion to produce was filed on May 3, 1972, and for aught appearing in the record was not presented to the trial court for a ruling until August 16, 1972, the date of trial, at which time the court denied it. Had the motion been timely presented after filing it should have been granted and the State required to furnish defendant's counsel with a sample of the substance for chemical analysis by a competent chemist. We will not put the trial court in error for its denial of the motion in view of the delayed presentation. Scopolites v. State, 50 Ala.Cr.App. ——, 277 So.2d 389, 1973.

Defendant filed an instrument purporting to be a plea of former jeopardy. No demurrer was filed and some patent defects or omissions went unchallenged. The trial court, without any evidence being taken, overruled the plea. We pretermit considering the plea because judgment herein must be reversed and the cause remanded

to meet the demands of law as we here observe. If the case is tried again, possibly a correct plea free of defects may be filed, or a demurrer interposed pointing out the defects.

■ The nisi prius court in its oral charge instructed the jury as follows:

". . . The point I'm getting at, you don't have anything to do with misdemeanors—this man is charged and is being charged before you today for a felony—for possessing Marijuana—more than enough for just his personal use. . . ."

The defendant excepted to the aforequoted instruction. Thereupon, following the exception, the court stated to the jury:

". . . I intended to charge you that unless you are convinced or believe beyond a reasonable doubt that this defendant had possession of Marijuana for other than his personal use, that you could not find him guilty. I intended to charge you that."

We think the original charge, supra, and the correcting charge were reasonably calculated to impress the jury that the misdemeanor, that is, possession of marihuana for personal use, was not embraced in the indictment and that the felony charge was the only offense for the jury to consider and that they could not find him guilty of a misdemeanor. They were either to find the defendant guilty of a felony or acquit him.

Section 401 of the Act, at page 2395, makes possession of marihuana (or other controlled drugs) a felony, except "any person who possesses any marihuana for his personal use only is guilty of a misdemeanor . . .."

Tit. 15, § 323, Recompiled Code of Alabama, 1958, reads as follows:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to· commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

This Court said in Phillips v. State, 38 Ala.App. 102, 76 So.2d 785, at page 786, the following:

"The appellate courts of this state have applied section 323, Title 15, supra, in *many* cases. An examination of these authorities will lead to the inevitable conclusion that the lesser or minor offense was a necessary elemental part of the crime charged in the indictment. In other words, in an effort to make proof of the greater offense, the lesser crime was necessarily established."

Proof of the possession of marihuana is required to support both the felony and the misdemeanor offenses impressed by § 401, supra. The proof is not entirely different and unrelated as was the case in Hamilton v. State, 35 Ala.App. 570, 50 So.2d 449, which involved forgery. There, this Court said:

"It is readily apparent that three separate and distinct offenses are created. Where one is indicted for one of the degrees of forgery, and proof shows that the instrument forged was of a character covered by and falling within the type enumerated in a section denouncing a different degree of forgery, a fatal variance between the allegata of the charge and the proof would result. Since entirely different and unrelated proof is required to sustain each degree of forgery set forth in our code, it necessarily follows that a higher degree of forgery cannot be deemed to include a lower degree. Therefore, Section 323, Title 15, Code of Alabama 1940, providing that a defendant may be found guilty of a lesser degree than the offense charged, or

of any offense necessarily included in the offense charged, can have no operative effect. Jarnigan v. State, 24 Ala. App. 153, 132 So. 48."

In the instant case the degree of possession, whether a felony or a misdemeanor, depends upon the use of the prohibited substance. If for personal use only, the crime is a misdemeanor, otherwise a felony. The indictment, supra, embraced the misdemeanor mentioned in § 401, supra.

The jury could have inferred from the evidence that the defendant had the marihuana for his personal use only. The jury was entitled to consider the small quantity found plus the evidence of Dr. Grubbs, the State Toxicologist, who testified that "some of the marijuana is sold in match boxes, but it is also carried in match boxes for addicts—it could be either." Also the following question to Dr. Grubbs and his answer (without objection) appear in the record:

"Q. Is that the quantity normally carried? Is it common for personal use? ——And personal use?

"A. Yes sir."

We think the exclusion of the misdemeanor from the jury was error.

We pretermit making an observation at this time as to which party—the State or the defendant—has the burden or duty to prove to the appropriate degree that the defendant did or did not have the marihuana for his personal use only. The legislature at some early session may want to consider placing the burden. Suffice it to say the evidence, supra, created an issue for the jury to determine such use vel non. The defendant did not take the witness stand.

For the error pointed out, the judgment in this cause is reversed and the cause remanded.

Reversed and Remanded.

All the Judges concur.