The Grand Jury of Chambers County returned an indictment for robbery against the appellant, Newburn Ray Wilson, and two other persons. The appellant made a motion for a severance, and the motion was granted. The appellant entered a plea of not guilty, was convicted, and sentenced to twenty-five (25) years imprisonment.
The appellant was at all proceedings in the trial court, and in this Court, represented by counsel appointed by the trial judge. This appeal was submitted to this Court on briefs.
The appellant contends in his brief that the court erred to his prejudice, First, when it overruled his motion to dismiss for the failure of the state to respond to his written motion to produce requested photographs used in pre-arrest photographic identification, and a written statement of any *Page 1118 
accomplices; Second, when it overruled his motion to dismiss for lack of a speedy trial; Third, when it overruled his motion for a continuance.
On May 29, 1980 when appellant's case was called for trial the appellant's counsel moved the court to dismiss on two grounds: First, because of the failure of the state to respond to appellant's motion to produce that had been filed some year and a half; Second, a motion to dismiss for lack of a speedy trial. The trial court denied the motions to dismiss. The appellant's counsel then objected to going to trial because the court had placed the case at the top of the docket, and the appellant's counsel was not ready for trial because neither the appellant nor his witnesses, who were confined to prison on other charges, had been made available to counsel for appellant until a few minutes before the case was to go to trial. This motion was denied.
A motion to produce, copies of written statements or confessions, substance and details of any oral statements or confessions, list of physical evidence, and the source and circumstances under which it was secured, pictures and number and the names of the persons whose likenesses are represented, and the details and condition of the circumstances of any identification, and a full statement of circumstances and condition of any statements or confessions which might have been taken from accomplices, was filed with the clerk of the court on May 15, 1979, and a copy of the motion was mailed to the Assistant District Attorney for Chambers County, and to the District Attorney for the Fifth Judicial Circuit. A motion to suppress evidence, intended to be produced at the trial, obtained by illegal search, and any tainted, in-court identification of the defendant, was filed with the clerk on May 15, 1979. A copy was mailed to the Assistant District Attorney for Chambers County, and the District Attorney for the Fifth Judicial Circuit. We have searched the record and do not find that the motion to produce or the motion to suppress were ever called to the attention of the trial court, or were ever presented to the trial court for a hearing until after the case was called for trial on May 29, 1980. The motion to produce and the motion to suppress were filed for about one year and fourteen days before the case was called for trial. The last setting of the case for trial was about sixty days before the case was called for trial. The court denied the written motion, but required state's counsel to furnish a written statement of a co-defendant, and state to the defense counsel the items found in the escape car, viz, a pistol, drugs, and money, and advised the appellant's counsel that during the course of the trial oral motions made on behalf of the appellant would be entertained.
The motion to produce, and the motion to suppress were filed with the clerk of the Circuit Court on May 15, 1979, and a copy of each sent to the District and Assistant District Attorney for Chambers County. The motions were not called to the attention of the trial court, nor was an order setting them down for a hearing requested by counsel for the appellant until after the case was called for trial on May 29, 1980. Among the reasons for pre-trial motions to produce, or to suppress, are to avoid delay and undue interruption during the trial. They should be disposed of before the trial date. We hold that the trial court did not abuse its discretion when it denied appellant's written motions to produce and suppress. Fuller v.State, Ala.Cr.App., 338 So.2d 492; Powers v. State, 49 Ala. App. 690, 275 So.2d 369; Sowells v. State, Ala.Cr.App.,339 So.2d 1090.
From the record it appears that the robbery was committed on December 8, 1978, the indictment was returned on March 1, 1979, the appellant was arraigned, and entered a plea of not guilty, on May 8, 1979, and May 16, 1979 was set as the date for trial. That on May 15, 1979 the appellant requested, and was granted, a continuance. That on March 13, 1980 a motion for a speedy trial was filed, but no notice of its filing, or request for a hearing by the court, was made until May 29, 1980, when the case was called for trial. The only facts stated in the motion to dismiss for lack of a speedy *Page 1119 
trial were that the defendant was indicted on March 1, 1979,and has not been tried. The appellant offered no evidence to the trial court in support of the motion.
We quote from the record:
 "THE COURT: The Court takes judicial notice to the fact that the case load — the Court was crowded and that a continuance by the State during the second criminal term was not inappropriate. And the motion to dismiss because of lack of speedy trial is denied."
Among the factors to be considered in determining whether there has been a denial of a speedy trial are length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant. A delay of seventy-six days from the time request for speedy trial is made, when indictment was returned on March 1, 1979, and case was set for trial on May 16, 1979, and was continued at the request of the appellant on May 15, 1979, and the appellant filed a motion for a speedy trial on March 13, 1980, and the case was set for trial sixty days before May 29, 1980, the day the trial was held, when no showing was made by the appellant of any prejudice to him, and the cause was continued one time at the first setting at the request of the defendant, and continued one time at the request of the state, without objection, due to the crowded condition of the docket, the trial court did not err to the prejudice of appellant by overruling his motion for a speedy trial. Buffordv. State, Ala.Cr.App., 382 So.2d 1162, certiorari denied, Ala.,382 So.2d 1175; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101.
It appears from the record that the case was set for trial sixty days before May 29, 1980 the day of the trial. The defendant and his witnesses, all who were serving terms in Alabama prison system, were present in court. Appellant's counsel was present in court with appellant on May 8, 1979 when appellant entered a plea of not guilty. That on March 13, 1980 the appellant filed a motion for a speedy trial. The trial court furnished the appellant's counsel ample time to confer with the appellant and his witnesses before actually proceeding with the trial.
The matter of placing cases on the docket for trial, and of granting a continuance, is largely within the discretion of the trial judge, and in the absence of a showing of an abuse of discretion by the trial court, this Court should not disturb the trial court's ruling. Childers v. State, Ala.Cr.App.,389 So.2d 193; Wilson v. State, Ala.Cr.App., 384 So.2d 1243.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.