Calvin Strother was indicted by the grand jury of Wilcox County for unlawful distribution of a controlled substance, i.e., marijuana. The jury returned a verdict of "guilty as charged." The appellant was adjudged guilty and was sentenced to a term of 15 years' imprisonment, was fined $10,000, and was assessed $450 in restitution.
David Robinson was employed as a deputy sheriff in Wilcox County and worked undercover gathering evidence and making drug purchases. Jesse Pettway, a confidential informant, introduced Deputy Robinson to the appellant. Deputy Robinson told the appellant that he wanted to buy one-half of a pound of marijuana. Robinson testified that the appellant advised Robinson to meet him at 6:00 p.m. at the Possum Bend Store in Wilcox County, Alabama, to get the drugs.
Deputy Robinson testified that when the appellant arrived, he told Deputy Robinson to lock his car and get in the appellant's truck. The appellant began driving down County Road 19. When they got to some dumpsters about two miles on County Road 19, the appellant directed Deputy Robinson to get out and look in a tire. Deputy Robinson found a brown paper grocery bag in the tire which he picked up and put on the seat of the truck. The grocery bag contained plastic bags which appeared to Deputy Robinson to contain marijuana. After receiving the marijuana, Deputy Robinson gave the appellant $450.
During their meeting, Deputy Robinson had a tape recorder in his coat pocket which he turned on as he got into the appellant's truck. Deputy Robinson testified that the recording accurately and correctly related and portrayed what was said during their meeting.
Arnold Mitchell, an employee at the Montgomery division of the Alabama Department of Forensic Sciences, testified that he examined the contents of each of the plastic bags. He determined that the material in each bag was marijuana.
 I
The appellant contends that the trial court erred in denying his motion for a new trial because he claims the State withheld exculpatory information. The evidence in question was the fact that the tag on the truck the appellant was driving during the drug sale was a dealer's tag.
The trial court asked whether this information was not in fact known by the appellant. Appellant's counsel did not deny the State's assertions that the evidence was known to the appellant. The most which the record reveals is a possibility of delayed disclosure of evidence that was already known to the appellant.
Pursuant to United States v. Bagley, 473 U.S. 667,105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), undisclosed evidence is material under the Brady rule (Brady v. Maryland, 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)) only when it is reasonably probable that the outcome of the trial would have been different had the evidence been disclosed to the defense. Further, the burden is on the defendant to show that a reasonable doubt would have been created that did not otherwise exist because of the nondisclosure of exculpatory information.United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392,49 L.Ed.2d 342 (1976). The defendant's burden is to show that reasonable doubt "not as a matter of speculation, but as a demonstrable reality." Beck v. Washington, 369 U.S. 541, 558, 82 S.Ct. 955,964, 8 L.Ed.2d 98 (1962).
Applying the Bagley test, we determine that the result of the trial would not have varied had this information been given to the appellant prior to trial. Hamilton v. State, 520 So.2d 155
(Ala.Cr.App. 1986).
Since no evidence was presented at the trial court that the appellant's counsel would have been better prepared given more time to investigate, the motion for a new trial was properly denied.
 II
The appellant contends that the trial court committed reversible error by denying *Page 1246 
the appellant's motion for discovery. The appellant's counsel filed with the trial court a motion for discovery on July 2, 1990. The discovery motion requested in part "copies of all reports and memoranda connected with the said charges against the defendant."
The appellant, in arguing that the motion was denied, relies upon a general statement made by the trial court after the defense had announced itself ready for trial that all pending motions not previously ruled on were denied.
 "There is no constitutional right to discovery and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), did not create one. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). While undisclosed evidence which creates a reasonable doubt that did not otherwise exist may deprive the defendant of a fair trial as guaranteed by the Due Process Clause of the Fifth Amendment, United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), there must be some showing that such exculpatory and influential evidence actually exists before such a constitutional violation can be found."
Bailey v. State, 421 So.2d 1364, 1366 (Ala.Cr.App. 1982).
The only item of evidence that the appellant claims was not produced was the fact that there was a dealer tag on his truck. The record reveals that this information was already known by this appellant. In order to demonstrate reversible error in the denial of such a motion, a defendant must show at a minimum that the information that should have been revealed existed and that it was not disclosed. Bailey, 421 So.2d at 1369. The appellant has failed to meet this burden.
Furthermore, this court has held no abuse of discretion in denying a motion not presented for ruling until the day of trial. Wilson v. State, 395 So.2d 1116, 1118 (Ala.Cr.App. 1981).
The trial court did not commit error in denying the appellant's motion for discovery.
 III
Next, the appellant contends that the sentence of 15 years and the fine of $10,000 constitutes cruel and unusual punishment. Unlawful distribution of a controlled substance is a Class B felony. § 13A-12-211(b), Ala. Code 1975. The statutory range of punishment is 2 to 20 years' imprisonment and a fine of up to $10,000. § 13A-5-6(a)(2) and § 13A-5-11(a)(2), Ala. Code 1975 (1982 Repl.Vol.) The appellant's sentence falls within this range.
The appellant's sentence did not exceed the statutorily prescribed limits; and does not constitute cruel and unusual punishment. Porter v. State, 520 So.2d 235 (Ala.Cr.App. 1987),Lyle v. State, 497 So.2d 834 (Ala.Cr.App. 1986).
 IV
The appellant contends that the trial court committed reversible error in denying his Batson objection without a hearing. The appellant argues that as a white person he is entitled to a hearing on the State's reasons for striking white jurors, arguing that the white race is a minority.[1] Several courts have found that whites do constitute a cognizable racial group.[2]
Although we are not sure that the appellant established a prima facie case of discrimination by the State's use of its peremptory strikes in excluding four white jurors, the trial court allowed the prosecutor *Page 1247 
to delineate his reasons for striking the four white jurors. The prosecutor stated these jurors were struck because they indicated they knew the appellant or that they were friends of the appellant. These are clearly race neutral reasons.
 V
Appellant next contends that the trial court committed reversible error by denying the appellant's motion to permit an independent laboratory analysis of the controlled substance.
The record indicates that on August 10, 1990, the appellant's counsel filed a motion to permit laboratory analysis and a motion for continuance so that he could have an expert perform the analysis. No request for a hearing on the motions for analysis or a continuance was made, and it does not appear from the record that these motions were presented to the trial court before trial When the case was called for trial on August 23, 1990, the appellant's counsel announced that the defendant was ready for trial. During a bench conference, the trial judge stated, "For the record, all motions pending that have not previously been ruled on are now overruled and denied." This is the statement the appellant relies upon in contending that his motion to permit laboratory analysis was denied.
This court rejected a contention of error by the trial court in Powers v. State, 49 Ala. App. 690, 275 So.2d 369 (1973), in denying a similar motion filed three months prior to trial where the record did not indicate that the motion was presented for ruling before the date of trial. Powers, 275 So.2d at 372.
Furthermore, the appellant makes no allegation that there was any fraud or mistake on the part of the State's analyst or in the tests that he performed. Therefore, any error in the denial of the motion for independent analysis is harmless, even if the motion had been timely filed. Cowart v. State, 488 So.2d 497,503 (Ala.Cr.App. 1985).
 VI(a)
The appellant contends that the trial court erred in admitting the tape recording made by Deputy Robinson because the State did not prove a chain of custody. This argument is without merit because tape recordings do not require proof of a chain of custody to be admissible. This court adopted a rule holding that sound tapes, like photographs, are admissible when a witness testifies they are reliable representations of the subject sound. Molina v. State, 533 So.2d 701, 712
(Ala.Cr.App. 1988); C. Scott, Photographic Evidence § 1297 at 97 n. 42.5 (1987 Pocket Part).
Deputy Robinson testified that he had made a recording of what transpired on the night of November 18, 1989, that he had listened to that recording, and that it accurately and correctly related and portrayed what had been said. This testimony was sufficient to establish the admissibility of the tape recording under Molina, that requires a witness to testify that the tapes are a reliable representation of the subject sound. Molina at 712. Therefore, it was not error to admit the tape recording.
 (b)
Also, the appellant contends that the trial court erred in admitting the controlled substance because the State did not prove a proper chain of custody. Specifically, he argues that there was a missing link in the chain because the sheriff testified that his chief clerk and his chief deputy also had access to the safe and that attorneys could go in the safe under his direction or the direction of his chief deputy or his chief clerk. The appellant also argues that the sheriff did not know whether the exhibit had been opened after it was received by the forensic laboratory. This complaint is frivolous because the sheriff is not expected or required to know what happened to the evidence after he delivered it to the laboratory.
This court held in Tolbert v. State, 552 So.2d 164, 166
(Ala.Cr.App. 1989):
 " 'The establishment of a chain of custody is needed to show a reasonable [probability] that evidence has not been tampered with or altered. Smith *Page 1248 v. State, 446 So.2d 68 (Ala.Crim.App. 1984); Tate v. State, 435 So.2d 190 (Ala.Crim.App. 1983). However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain. Slaughter v. State, 411 So.2d 819 (Ala.Crim.App. 1981), cert. denied, 411 So.2d 819 (Ala. 1982). See also, Mauldin v. State, 402 So.2d 1106 (Ala.Crim.App. 1981); Sexton v. State, 346 So.2d 1177 (Ala.Crim.App.), cert. denied, 346 So.2d 1180 (Ala. 1977). Moreover, where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be afforded the evidence rather than the admissibility of the item. Williams v. State, 375 So.2d 1257 (Ala.Crim.App.), cert. denied, 375 So.2d 1271 (Ala. 1979).' "
"Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App. 1986)."
We hold that the State did establish a sufficient chain of custody as to the marijuana. The fact that two other individuals had the combination to the safe goes to the weight and not the admissibility of the evidence. Tolbert, at 167.
AFFIRMED.
All the Judges concur.
[1] On April 1, 1991, the United States Supreme Court decided thatBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), applies to the situation where a white defendant objects to the state's use of its peremptory challenges to exclude blacks from the jury venire. Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).
[2] See Roman v. Abrams, 822 F.2d 214 (2d Cir. 1987), cert. denied, 489 U.S. 1052, 109 S.Ct. 1311, 103 L.Ed.2d 580 (1989).