BOWEN, Presiding Judge.
Marzell Odom Hall, the appellant, was convicted of receiving stolen property in the first degree and was sentenced to 14 years’ imprisonment. On this direct appeal from that conviction the appellant claims a violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because the prosecution struck one of the two black members of the 30-member venire.
The prosecutor stated that his reason for striking the veniremember was because “[sjhe’s friends with the defendant’s mother.” R. 9. The prosecutor proved through the testimony of the court bailiff that this venire-member had told the bailiff that she was friends with the appellant’s mother. See R. 8.
Peremptory strikes based on the venire-member’s acquaintance with the defendant or the defendant’s witnesses have generally been upheld as “race-neutral.” See e.g., Ex parte Lynn, 543 So.2d 709, 711 (Ala.1988) (one veniremember’s “husband was related to the defendant”; another veniremember was “a classmate of the co-defendant” and had “a child by the co-defendant’s brother”), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989); Wilsher v. State, 611 *62 So.2d 1175, 1182 (Ala.Cr.App.1992) (venire-members acquainted with both defendant and defense witnesses; court also noted the correlation between this reason and a challenge for cause based on a veniremember’s acquaintance or relationship with a party or witness); Knight v. State, 622 So.2d 426, 428 (Ala.Cr.App.1992) (veniremember “had known the [defendant] for many years” and the defendant “had asked her for a date on a couple of occasions”); Williams v. State, 627 So.2d 994, 999 (Ala.Cr.App.1992), affirmed, 627 So.2d 999 (Ala.1993), cert. denied, - U.S. -, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994) (veniremember knew or was related to defense witness); Strother v. State, 587 So.2d 1243, 1247 (Ala.Cr.App.1991) (veniremember acquainted with defendant); Bass v. State, 585 So.2d 225, 237 (Ala.Cr.App.1991) (venire-member acquainted with defense witness); Davis v. State, 555 So.2d 309, 314 (Ala.Cr.App.1989) (veniremember acquainted with defense witness).
The State need not “engage in extensive, and potentially alienating, voir dire to ascertain the veniremember’s exact position on this particular matter.” Wilsher v. State, 611 So.2d at 1183. Furthermore, the State is not required to believe the veniremember’s assertion that his or her acquaintance with the defendant or defense witnesses would not affect the veniremember’s ability to decide the case. Id. See also Jones v. State, 611 So.2d 466, 471 (Ala.Cr.App.1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.